SARAH CARLSON (SBN 344266)
sarah.carlson@dentons.com
DENTONS US LLP
4655 Executive Drive, Suite 700
San Diego, CA  92121
Telephone:  (619) 236 1414
Facsimile:   (619) 232 8311

JUDITH SHOPHET SIDKOFF (SBN 267048)
judith.sidkoff@dentons,com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA  90017-5704
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924

Attorneys for Defendant
AROVAST CORPORATION

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA  92121

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANNETTE FINCH and NAM TAO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AROVAST CORPORATION d/b/a COSORI CORPORATION,<br><br>Defendant. | No. 8:23-CV-00599 JWH (JDEx)<br><br>**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>[Fed. R. Civ. P. 12(b)(1) and (6)]<br><br>Date:   September 8, 2023<br>Time:  9:00 a.m.<br>Dept.:  Courtroom 9D<br>Judge:  John W. Holcomb<br><br>Date Action Filed:  April 5, 2023 |

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................... 3

INTRODUCTION ...................................................................................... 9

FACTUAL BACKGROUND ..................................................................... 10

I.     MOTION TO DISMISS STANDARDS ............................................ 12

II.    THE COURT LACKS, OR SHOULD DECLINE TO EXERCISE, SUBJECT MATTER JURISDICTION ............................................... 13

     A.    Plaintiff Lacks Article III Standing, and His Claims Are Constitutionally Moot ......................................................... 13

     B.    Plaintiff's Claims Are Not Ripe for Review ...................... 16

     C.    The Recall Remedies Moot Plaintiff's Claims ................. 18

III.   THE COMPLAINT FAILS TO STATE A CLAIM ....................... 19

     A.    Plaintiff Cannot Plausibly Allege Cosori's Pre-Sale Knowledge, Defeating His Fraud-Based Claims .............. 19

     B.    None of Plaintiff's Fraud-Based Claims Are Pled with Particularity ................................................................. 21

     C.    Plaintiff's Claim Under the Unlawful and Unfair Prongs of the UCL Must Also Be Dismissed .......................... 23

     D.    The Economic Loss Doctrine Bars Plaintiff's Common Law Fraud Claims ................................................................... 24

     E.    Plaintiff's Warranty Claims Are Insufficiently Pled ....... 25

          1.    Plaintiff's Breach of Express Warranty Is Inadequately Pled on Its Face ................................................ 25

          2.    Plaintiff's Claim Fails Under the Terms of the Limited Warranty ............................................................ 26

          3.    Plaintiff Does Not State a Claim for Breach of Implied Warranty ............................................................ 29

     F.    Differences in State Laws Preclude a Nationwide Class ..... 30

IV.   CONCLUSION .................................................................................. 31

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA 92121

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

### <u>Federal Cases</u>

4

*Ahern v. Apple Inc.*,
  411 F. Supp. 3d 541 (N.D. Cal. 2019)................................................................20

5

6

*Americopters, LLC v. Fed. Aviation Admin.*,
  441 F.3d 726 (9th Cir. 2006) ............................................................................13

7

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................13, 25, 29

8

9

*Augustine v. United States*,
  704 F.2d 1074 (9th Cir. 1983)............................................................................12

10

*Baba v. Hewlett-Packard Co.*,
  2010 WL 2486353 (N.D. Cal. June 16, 2010) ...............................................20, 23

11

12

*Barrera v. Samsung Elecs. Am., Inc.*,
  2019 WL 1950295 (C.D. Cal. Feb. 27, 2019) ....................................................19

13

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ..........................................................................13, 16

14

15

*BMA LLC v. HDR Glob. Trading Ltd.*,
  2021 WL 4061698 (N.D. Cal. Sept. 7, 2021) .....................................................23

16

*Charlton v. LG Energy Sol. Mich., Inc.*,
  2023 WL 1420726 (S.D. Cal. Jan. 31, 2023) ................................................14, 15

17

18

*Cheng v. BMW of N. Am., LLC*,
  2013 WL 12133886 (C.D. Cal. Apr. 12, 2013)....................................................28

19

*Cheng v. BMW of N. Am., LLC*,
  2013 WL 3940815 (C.D. Cal. July 26, 2013) .................................................18, 19

20

21

*Clemens v. DaimlerChrysler Corp.*,
  534 F.3d 1017 (9th Cir. 2008)...........................................................................26, 29

22

*In re ConAgra Foods Inc.*,
  908 F. Supp. 2d 1090 (C.D. Cal. 2012)................................................................21

23

24

*Cover v. Windsor Surry Co.*,
  2016 WL 520991 (N.D. Cal. Feb. 10, 2016)........................................................27

25

*Crown Cell Inc. v. Ecovacs Robotics Inc.*,
  2022 WL 4087512 (N.D. Cal. Sept. 6, 2022)......................................................26

26

27

*Darisse v. Nest Labs, Inc.*,
  2016 WL 4385849 (N.D. Cal. Aug. 15, 2016)......................................................30

28

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA 92121

Page(s)

*Desaigoudar v. Meyercord*,
   223 F.3d 1020 (9th Cir. 2000) ................................................................. 21

*Elkins v. Am. Honda Motor Co.*,
   2020 WL 4882412 (C.D. Cal. July 20, 2020) ............................... 17, 19

*Espineli v. Toyota Motor Sales, U.S.A., Inc.*,
   2019 WL 2249605 (E.D. Cal. May 24, 2019) ...................................... 21

*Fahie v. Miranda*,
   2015 WL 631640 (C.D. Cal. Feb. 11, 2015) ....................................... 19

*Fisher v. Honda N.A., Inc.*,
   2014 WL 2808188 (C.D. Cal. June 12, 2014) ................................... 28

*Fletcher v. United States*,
   116 F.3d 1315 (10th Cir. 1997) ........................................................... 18

*In re GlenFed, Inc. Sec. Litig.*,
   42 F.3d 1541 (9th Cir. 1994) ............................................................... 22

*Guan v. Mercedes-Benz USA, LLC*,
   2022 WL 17089817 (N.D. Cal. May 17, 2022) ............................ 16, 17

*Hadley v. Kellogg Sales Co.*,
   243 F. Supp. 3d 1074 (N.D. Cal. 2017) ............................................. 23

*Hoey v. Sony Elec., Inc.*,
   515 F. Supp. 2d 1099 (N.D. Cal. 2007) ............................................. 22

*Hovsepian v. Apple, Inc.*,
   2009 WL 2591445 (N.D. Cal. Aug. 21, 2009) ................................. 29

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) ....................................................... 22, 23

*Kelsey v. Nissan N. Am.*,
   2020 WL 4592744 (C.D. Cal. July 15, 2020) ................................... 24

*Lemus v. Rite Aid Corp.*,
   613 F. Supp. 3d 1269 (C.D. Cal. 2022) ............................................. 30

*Lewis v. Casey*,
   518 U.S. 343 (1996) ........................................................................... 16

*Lierboe v. State Farm Mut. Auto. Ins. Co.*,
   350 F.3d 1018 (9th Cir. 2003) ............................................................ 12

*MacDonald v. Ford Motor Co.*,
   37 F. Supp. 3d 1087 (N.D. Cal. 2014) ............................................... 20

*Mandani v. Volkswagen Grp. of Am., Inc.*,
   2019 WL 652867 (N.D. Cal. Feb. 15, 2019) ..................................... 25

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Page(s)

*Marrujo v. Coloplast Corp.*,
2020 WL 3791637 (S.D. Cal. July 7, 2020)...............................................26

*Maya v. Centex Corp.*,
658 F.3d 1060 (9th Cir. 2011) ..................................................................12

*Mazza v. Am. Honda Motor Co.*,
666 F.3d 581 (9th Cir. 2012), *overruled in part on other grounds by*
*Olean Wholesale Grocery Coop. v. Bumble Bee Foods LLC*, 31
F.4th 651 (9th Cir. 2022)......................................................................30, 31

*McGee v. Mercedes-Benz USA, LLC*,
612 F. Supp. 3d 1051 (S.D. Cal. 2020) ....................................................29

*McKinney v. Corsair Gaming, Inc.*,
2022 WL 17736777 (N.D. Cal. Dec. 16, 2022) .......................................30

*Miller v. Ford Motor Co.*,
620 F. Supp. 3d 1045 (E.D. Cal. 2022) ....................................................28

*Minkler v. Apple, Inc.*,
65 F. Supp. 3d 810 (N.D. Cal. 2014).........................................................25

*Moore v. Kayport Package Express, Inc.*,
885 F.2d 531 (9th Cir. 1989) ....................................................................21

*Mosqueda v. Am. Honda Motor Co., Inc.*,
443 F.Supp. 3d 1115 (C.D. Cal. 2020)......................................................24

*Murphy v. DirecTV, Inc.*,
724 F.3d 1218 (9th Cir. 2013) ..................................................................26

*Nasoordeen v. FDIC*,
2010 WL 1135888 (C.D. Cal. Mar. 17, 2010) .........................................19

*Nazos v. Toyota Motor Corp.*,
2022 WL 17078882 (C.D. Cal. Oct. 13, 2022) .........................................31

*Obertman v. Electrolux Home Care Prod., Inc*,
482 F. Supp. 3d 1017 (E.D. Cal. 2020) ....................................................29

*In re Outlaw Lab., LLP*,
463 F. Supp. 3d 1068 (S.D. Cal. 2020) ....................................................21

*Pacheco v. Ford Motor Co.*,
2023 WL 2603937 (E.D. Mich. Mar. 22, 2023).......................................19

*Portman v. Cty. of Santa Clara*,
995 F.2d 898 (9th Cir. 1993) ....................................................................16

*Punian v. Gillette Co.*,
2016 WL 1029607 (N.D. Cal. Mar. 15, 2016) .........................................26

*Sanders v. Apple Inc.*,
672 F. Supp. 2d 978 (N.D. Cal. 2009).......................................................26

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA 92121

Page(s)

*Savage v. Glendale Union High Sch. Dist.*,
   343 F.3d 1036 (9th Cir. 2003)........................................................................13

*Schepler v. Am. Honda Motor Co.*,
   2019 WL 398000 (C.D. Cal. Jan. 29, 2019)....................................................31

*Schmitt v. SN Servicing Corp.*,
   2021 WL 3493754 (N.D. Cal. Aug. 9, 2021)...................................................23

*Seifi v. Mercedes-Benz USA, LLC*,
   2013 WL 5568449 (N.D. Cal. Oct. 9, 2013)....................................................28

*Smith v. LG Elecs. U.S.A., Inc.*,
   2014 WL 989742 (N.D. Cal. Mar. 11, 2014)..............................................25, 26

*Spokeo, Inc. v. Robins*,
   578 U.S. 330 (2016) .......................................................................................13

*Stearns v. Select Comfort Retail Corp.*,
   2008 WL 4542967 (N.D. Cal. Oct. 1, 2008)....................................................27

*Stearns v. Select Comfort Retail Corp.*,
   2009 WL 1635931 (N.D. Cal., June 5, 2009) ..................................................21

*Sugasawara v. Ford Motor Co.*,
   2019 WL 3945105 (N.D. Cal. Aug. 21, 2019).......................................14, 15, 16

*Tait v. BSH Home Appliances Corp.*,
   2011 WL 1832941 (C.D. Cal., May 12, 2011)..................................................22

*Taragan v. Nissan N. Am., Inc.*,
   2013 WL 3157918 (N.D. Cal. June 20, 2013)..................................................29

*Thomas v. Anchorage Equal Rights Comm'n*,
   220 F.3d 1134 (9th Cir. 2000) (*en banc*)........................................................12

*In re Toyota Corp.*,
   890 F. Supp. 2d 1210 (C.D. Cal. 2011)...........................................................15

*In re Toyota Motor Corp. Hybrid Brake Mktg.*,
   915 F. Supp. 2d 1151 (C.D. Cal. 2013)...........................................................15

*U.S. W. Commc'ns v. MFS Intelenet, Inc.*,
   193 F.3d 1112 (9th Cir. 1999)........................................................................17

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003)........................................................................22

*Vinci v. Hyundai Motor Am.*,
   2018 WL 6136828 (C.D. Cal. Apr. 10, 2018).............................................30, 31

*Warth v. Seldin*,
   422 U.S. 490 (1975) .......................................................................................16

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA 92121

Page(s)

*Watkins v. MGA Ent., Inc.*,
  550 F. Supp. 3d 815 (N.D. Cal. 2021) ............................................................. 21

*Watkins v. MGA Ent., Inc.*,
  574 F. Supp. 3d 747 (N.D. Cal. 2021) ............................................................. 25

*Wildwest Inst. v. Kurth*,
  855 F.3d 995 (9th Cir. 2017) ............................................................................ 14

*Williams v. Tesla, Inc.*,
  2022 WL 899847 (N.D. Cal. Mar. 28, 2022) ...................................... 19, 20, 23

*Wilson v. Hewlett-Packard Co.*,
  668 F.3d 1136 (9th Cir. 2012) .......................................................................... 20

*Winzler v. Toyota Motor Sales USA*,
  681 F.3d 1208 (10th Cir. 2012) .................................................................. 18, 19

*Wolfson v. Brammer*,
  616 F.3d 1045 (9th Cir. 2010) .......................................................................... 16

### California Cases

*Cel-Tech Comm'cns, Inc. v. L.A. Cellular Tele. Co.*,
  20 Cal. 4th 163 (Cal. 1999) .............................................................................. 23

*Robinson Helicopter Co. v. Dana Corp.*,
  34 Cal. 4th 979 (Cal. 2004) .............................................................................. 24

### Federal Statutes

Consumer Product Safety Act, 15 U.S.C.
  §§ 2051, *et seq.* .............................................................................................. 18

Federal Trade Commission Act
  § 5 .................................................................................................................... 23

### California Statutes

California Commercial Code
  § 2314 ............................................................................................................... 29

California False Advertising Law, California Business and Professions
  Code
  §§ 17500, *et seq.* ...................................................................................... *passim*

Consumers Legal Remedies Act
  §§ 1750, *et seq.* ........................................................................................ *passim*

Unfair Competition Law, California Business and Professional Code
  §§ 17200, *et seq.* ...................................................................................... *passim*

### Other Authorities

Fed. R. Civ. P. 9 ......................................................................................... 21, 22

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA 92121

Page(s)

Fed. R. Civ. P. 12.............................................................................................. 12, 13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA 92121

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA 92121

### INTRODUCTION

On the heels of Defendant Arovast Corporation's ("Cosori")[1] voluntary recall of certain air fryers ("Recall")—the contours of which were coordinated with and approved by the U.S. Consumer Product Safety Commission ("CPSC")—Plaintiff Nam Tao[2] ("Plaintiff") filed a putative class action stemming from his alleged purchase of a Cosori air fryer in 2019.  Plaintiff conveniently overlooks that the Recall already provides a fulsome remedy, and Plaintiff has not otherwise alleged injury or damage resulting from his air fryer.  Nor has Plaintiff even sought to avail himself of the remedy available under the Recall, which includes a new air fryer without the alleged defect or one of a suite of alternative appliances, at his election. Whether framed as a lack of standing, mootness, or lack of ripeness, Plaintiff's claims simply do not survive in light of the Recall.

Plaintiff cannot overcome these threshold issues, and he has also failed to adequately state a claim.  Among the Complaint's many deficiencies, Plaintiff neither plausibly alleges Cosori's pre-sale knowledge of the defect nor pleads his common law or statutory fraud-based claims with sufficient particularity, which is also fatal to his Unfair Competition Law claim.  His common law fraud claims also fail under the economic loss doctrine as duplicative of his breach of warranty claims.  Plaintiff's warranty claims are similarly doomed because he cannot plead a breach or reliance.

The Complaint is a hasty, obvious attempt to capitalize on the ongoing Recall, despite the fact that Cosori has already ensured the availability of an equitable remedy to Plaintiff and the putative class.  Permitting baseless lawsuits such as this one would only serve to disincentivize companies from effectuating voluntary recalls because even where, as here, the company is willing to provide a more than ample

---

[1] Plaintiff's caption incorrectly refers to Defendant as "Arovast Corporation d/b/a Cosori Corporation."  Arovast does not technically do business as Cosori, but the products at issue in the Complaint are Cosori-branded products. We will hereafter refer to Defendant as "Cosori."

[2] Jeanette Finch, the first named plaintiff in the caption, voluntarily dismissed her claims on May 19, 2023.  (Dkt. 26.)

remedy (including the provision of products at equal or greater value *with* accompanying limited warranties and *without* regard to the age of the recalled subject unit), the company is still forced to spend time and money defending against concurrent, follow-on litigation. Because of the futility of Plaintiff's jurisdictional and substantive arguments, Cosori respectfully requests that this case be dismissed without leave to amend.

## **FACTUAL BACKGROUND**

### **I.     The Recall and Plaintiff's Subsequent Notice**

On February 23, 2023, in cooperation with the CPSC and in an abundance of caution due to an extremely rare risk of overheating, Cosori announced its voluntary fast track Recall of certain air fryers ("Products").[3] (Declaration of Jeremy Liauw, dated May 31, 2023 ("Liauw Dec.") ¶ 4.) The Recall offers all Product owners a full and complete remedy. (*See id.* ¶ 6.) Specifically, the Recall provides consumers replacement air fryers without the alleged defect of equal or greater value, depending on the model of the consumer's recalled Product, as well as a variety of alternative replacement products for consumers who elect not to receive another air fryer. (*Id.*) These state-of-the-art replacement products (air fryers or otherwise) are covered by a new limited warranty. (*Id.*) Importantly, the Recall's remedy has been submitted to and approved by the CPSC, the government entity charged with overseeing the propriety and efficiency of the Recall and ensuring that Cosori meets its obligations to provide consumers with suitable remedies. (*Id.* ¶ 7.)

On April 3, 2023, Cosori received a Notice of Warranty Breaches, dated March 28, 2023, from Plaintiff's counsel. (*Id.* ¶ 8, Ex. D thereto.) According to Cosori's records, Plaintiff has never sought a remedy under the Product's limited

---

[3] The Products bear air fryer model numbers: CP158-AF, CP158-AF-R19, CP158-AF-RXW, CP158-AF-RXR, CP158-AF-RXR, CAF-P581-BUSR, CAF-P581-AUSR, CAF-P581-RUSR, CP137-AF, CP137-AF-RXB, CP137-AF-RXR, CP137-AF-RXW, CS158-AF, CS158-AF-RXB, CS158-AF-R19, CAF-P581S-BUSR, CAF-P581S-RUSR, CAF-P581S-AUSR, CO137-AF, CO158-AF, CO158-AF-RXB, CP258-AF.

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA 92121

warranty.  (*Id.* ¶ 9.)  Indeed, as of the date of filing, Plaintiff has not even registered for the Recall remedy.  (*Id.*)

## II.    The Allegations of the Complaint

On April 5, 2023, just over a month after Cosori announced the Recall, Plaintiff filed his Complaint, along with Jeanette Finch (who subsequently voluntarily dismissed her claims), on behalf of themselves and "a national class of individuals who purchased the products."  (Compl. ¶ 16).  Plaintiff alleges that he is a resident of California and purchased a CP158-AF air fryer—a model subject to the Recall—from Amazon in May of 2019.  (*Id.* ¶ 19.)[4]  Plaintiff broadly accuses Cosori of representing at the time of purchase that the Product contained various safety features while failing to disclose the "unreasonable risk of fire" they allegedly presented.  (*See id., e.g.*, ¶¶ 5–6.)  Plaintiff claims he reviewed the air fryer's Amazon.com webpage and product packaging and was "exposed" to these "representations and omissions."  (*Id.* ¶¶ 19, 78.)  However, Plaintiff does not identify which particular representations he "reviewed and relied on."  (*Id.* ¶ 79.)  The Complaint also offers no allegations Plaintiff experienced the alleged defect with his air fryer—let alone that Plaintiff's unit ever experienced the alleged defect—nor does it reference any source of information for the alleged defect beyond the Recall itself.

Plaintiff claims he used the Product as directed without knowledge of the alleged risk and says he would not have purchased the product had he known it was defective.  (*Id.* ¶ 20.)  He vaguely alleges that "at least as early as the beginning of the 'Class Period,' Defendant fully understood the substantial and unreasonable risk" the Products posed.  (*See id.* ¶¶ 50, 53. 54, 115.)  But the "Class Period" is defined only as the "applicable statute of limitations for Plaintiff's claims," so it is unclear when Plaintiff believes Cosori knew of any such risk.  (*Id.* ¶ 10 n.2.)

---

[4] The Complaint later identifies Plaintiff's model number as CP137-AF.  (Compl. ¶ 77.)  Regardless, this discrepancy does not affect Plaintiff's claims.

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA 92121

Plaintiff then takes issue with Cosori's CPSC-approved Recall, objecting that it "does not provide refunds or other monetary compensation," and that it lacks a process to compensate individuals for physical injury or property damage—even though Plaintiff does not allege he suffered either. (*See id.* ¶ 65.) And although Plaintiff does not allege that he experienced any difficulties with the Recall process, he reproduces a trio of third-party "testimonials" in an attempt to suggest that Cosori's process is ineffective. (*Id.* ¶¶ 66–70.)

The Complaint alleges: (1) violations of California's Unfair Competition Law ("UCL"); (2) violations of California's False Advertising Law ("FAL"); (3) violations of California's Consumers Legal Remedies Act ("CLRA"); (4) breach of express warranty; (5) breach of implied warranty of merchantability; and (6) fraudulent misrepresentation/omission. (*Id.* ¶¶ 101–174.) Plaintiff seeks injunctive relief, compensatory and punitive damages, as well as fees, costs, and expenses, for himself and the putative class. (*Id.* (prayer for relief).)

## **ARGUMENT**

## I.   **MOTION TO DISMISS STANDARDS**

Under Rule 12(b)(1), a party may move to dismiss based on the court's lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). As a threshold matter, Plaintiff must demonstrate he has a live "case" or "controversy" to establish Article III standing and invoke the jurisdiction of federal courts. *See Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (*en banc*). Consequently, a "lack of Article III standing requires dismissal for lack of subject matter jurisdiction." *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) (emphasis omitted). In a putative class action, at least one named plaintiff must have standing. *See Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003) (citation omitted). When the Court is presented with a challenge to its subject matter jurisdiction, "[n]o presumptive truthfulness attaches to [a] plaintiff's allegations." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983) (quotation omitted).

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA 92121

In resolving such a motion, the Court may look beyond the pleadings and consider affidavits, declarations, and other outside materials. *See Americopters, LLC v. Fed. Aviation Admin.*, 441 F.3d 726, 732 n.4 (9th Cir. 2006). Plaintiff bears the burden of establishing the Court's subject matter jurisdiction. *Savage v. Glendale Union High Sch. Dist.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

Under Rule 12(b)(6), a case may be dismissed for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when plaintiff pleads factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). The plausibility standard goes beyond a mere probability requirement, demanding "more than a sheer possibility that a defendant acted unlawfully." *Id.*

## II.   THE COURT LACKS, OR SHOULD DECLINE TO EXERCISE, SUBJECT MATTER JURISDICTION

The Court lacks, or should decline to exercise, subject matter jurisdiction here for three reasons. First, Plaintiff lacks Article III standing, and his claims are constitutionally moot because he cannot plausibly allege a concrete, imminent injury traceable to Cosori's conduct. Second, Plaintiff has yet to avail himself of the Recall remedy, and his claims are thus not ripe for adjudication. Third, because the CPSC is actively overseeing Cosori's Recall efforts, this Court should decline to exercise jurisdiction based on the doctrine of prudential mootness.

### A.   Plaintiff Lacks Article III Standing, and His Claims Are Constitutionally Moot.

Article III standing requires that a plaintiff allege a concrete, particularized injury traceable to a defendant's conduct that can be redressed through the courts. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Similarly, a claim is moot under Article III when it has already been redressed, such that there is no longer a live case

Dentons US LLP
4655 Executive Drive, Suite 700
San Diego, California 92121

or controversy.  *Wildwest Inst. v. Kurth*, 855 F.3d 995, 1002 (9th Cir. 2017).  Here, Plaintiff lacks standing and his claims are moot because any alleged injury has been redressed through the Recall.

Plaintiff does not allege that he was injured or that his property was damaged because of the alleged risk of defect—in fact, he does not allege that his air fryer even experienced the alleged defect.  (*See* Compl. ¶¶ 72–81.)  He also does not allege he incurred any post-purchase costs or expenses as a result of the alleged defect and before the Recall was announced.  (*Id.*)  Plaintiff alleges that he was injured *only* in the sense that he "would not have purchased the product had [he] known the truth," which resulted in "lost money."  (*Id.* ¶¶ 80–81.)  But, even if true, the Recall fully redresses this precise type of injury by providing a replacement product at an equal or greater value.  (*See* Liauw Dec. ¶ 6.)  Plaintiff claims an injury simply because he has not availed himself of the Recall remedies, although he is able to do so.  His manufactured standing and "case or controversy" must be rejected.  *See Sugasawara v. Ford Motor Co*., 2019 WL 3945105, at *6 (N.D. Cal. Aug. 21, 2019) (rejecting plaintiff's attempt to "manufacture standing" by declining to participate in a recall and holding any remaining injury is "not fairly 'traceable'" to the defendant).

*Charlton v. LG Energy Sol. Mich., Inc.*, 2023 WL 1420726, at *1 (S.D. Cal. Jan. 31, 2023) is particularly instructive.  There, plaintiff Charlton alleged he relied on defendant LG's representations in purchasing batteries that LG later "admitted" were defective.  *Id.* at *1.  Charlton sued under California's CLRA and UCL, seeking injunctive relief plus compensatory and punitive damages, costs, and attorneys' fees.  *Id.*  Just as in this case, LG had announced voluntary recalls of the batteries at issue in conjunction with the CPSC, close in time before Charlton filed suit.  *Id.*  Also, like Plaintiff here, Charlton did not allege any injury, damage, or expense beyond his initial purchase (let alone any costs incurred before the Recall remedy was available), nor did he allege that his battery actually experienced the alleged defect.  *See id.*  Finally, like Cosori, LG issued its recall under the CPSC's fast track program, and

-14-

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA 92121

the recall remedy was a battery replacement.  *Id.*  The court agreed with LG that Charlton lacked standing because the "recall program already address[ed] the alleged battery defect (and the harm flowing from the defect) on which Plaintiff based all of his claims." *Id.* at \*2.  There was no "live case or controversy" to be adjudicated under Article III, and the case was moot.  *Id.*  Significantly, the Court flatly rejected Charlton's argument that because he had not received a refund of his purchase price, he had standing to sue.  *Id.* at \*4–5.  The court instead held that LG's recall "made reasonable efforts to correct the [] battery defect," which extinguished any claim to monetary recompense through a lawsuit.  *Id.* at \*5.  With no "live case or controversy" remaining, the court dismissed Charlton's complaint with leave to amend.  *Id.*

The same result should be reached here.  Because the CPSC-approved Recall would provide Plaintiff "precisely what [he] bargained for," and Plaintiff has alleged no other injury, he has no claim against Cosori.  *See, e.g.*, *In re Toyota Motor Corp. Hybrid Brake Mktg.*, 915 F. Supp. 2d 1151, 1157 (C.D. Cal. 2013); *Sugasawara v. Ford Motor Co.*, 2019 WL 3945105, at \*6–7 (N.D. Cal. Aug. 21, 2019) (because "post-recall remedy Vehicles perform as they would without the Defect," plaintiff was "without a concrete injury that is fairly traceable to Ford's alleged wrongdoing").[5]

Plaintiff resorts to allegations about the Recall's mechanics, seizing upon a handful of posts gleaned from "Facebook and elsewhere online."  (Compl. ¶¶ 67–69.)  Even on their own terms, these uncorroborated accounts fail to substantiate Plaintiff's attack on the process. (*See* Compl. ¶ 68 (recounting a consumer's experience culminating in the prompt receipt of a replacement unit that "works just

---

[5] Nor has Plaintiff alleged that the replacements provided pursuant to the Recall are defective, reaffirming that he has no claim whatsoever against Cosori.  In contrast, the complaint in *In re Toyota Corp.*, 890 F. Supp. 2d 1210, 1218 (C.D. Cal. 2011) survived a motion to dismiss because it "allege[d] that despite the recall of the Class Vehicles in February 2010, the braking defects for Plaintiff Kramer's and the putative class members' vehicles have not been cured."

fine").)  Regardless, "in ruling on a motion to dismiss a class action complaint prior to class certification, courts generally consider only the claims of the named plaintiff." *Guan v. Mercedes-Benz USA, LLC*, 2022 WL 17089817, at *4 (N.D. Cal. May 17, 2022) (internal quotation marks omitted).  Well-established Supreme Court precedent makes clear that a named plaintiff cannot piggyback on the claims of absent class members to create standing where none otherwise exists.  *Warth v. Seldin*, 422 U.S. 490, 502 (1975) ("Petitioners must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class."); *Lewis v. Casey*, 518 U.S. 343, 358 (1996) (district court could only consider injury suffered personally by named plaintiff).  These third-party allegations, even if assumed true, cannot create standing or a justiciable case or controversy.  *Id.*

Moreover, Plaintiff's vague assertions "on information and belief" that Cosori has "intentionally denied refunds" and otherwise structured the recall process to minimize its exposure (Compl. ¶ 70) are "conclusory and speculative," *Sugasawara*, 2019 WL 3945105, at *5, and should not be indulged by the Court.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level.").

This case must be dismissed given Plaintiff's lack of standing.

**B.    Plaintiff's Claims Are Not Ripe for Review.**

Because Plaintiff has yet to even pursue the Recall remedy he complains about, this Court should decline jurisdiction under the doctrine of prudential ripeness, which "focuses on whether there is an adequate record upon which to base effective review." *Portman v. Cty. of Santa Clara*, 995 F.2d 898, 902–03 (9th Cir. 1993).  In evaluating prudential ripeness, courts weigh two considerations: "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Wolfson v. Brammer*, 616 F.3d 1045, 1060 (9th Cir. 2010) (internal citation omitted).  "A claim is fit for decision if the issues raised are primarily legal,

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA 92121

-16-

do not require further factual development, and the challenged action is final." *U.S. W. Commc'ns v. MFS Intelenet, Inc.*, 193 F.3d 1112, 1118 (9th Cir. 1999). "To meet the hardship requirement, a litigant must show that withholding review would result in direct and immediate hardship and would entail more than possible financial loss." *Id.* (internal citations omitted).

Plaintiff has neither attempted to avail himself of the Recall remedies nor plausibly alleged any facts supporting a finding that replacement units are somehow insufficient to make him whole, so his claims are not "fit" for judicial review. In an analogous case, *Elkins v. Am. Honda Motor Co.*, 2020 WL 4882412, at *1 (C.D. Cal. July 20, 2020), three months after plaintiffs filed their complaint, defendant Honda acknowledged that air conditioning condensers in certain car model batches were not manufactured to specification and announced a warranty extension. Plaintiffs alleged various shortcomings of Honda's warranty extension program, including that it failed to compensate them for "the amount they overpaid for their vehicles." *Id.* at *5. The court rejected these arguments and dismissed the claims as prudentially unripe, stating that plaintiffs "took issue with Honda's response to an alleged defect" but then "rushed to file their amended complaint before Honda's response could play out." *Id.*; *see also Guan*, 2022 WL 17089817, at *4 (claim unripe as "nothing in the record … suggests that Guan ever attempted to take advantage of the Campaign"). Here, too, Plaintiff filed his action roughly a month after the Recall announcement, certainly before Cosori's Recall could "play out." Even more egregious, and unlike in *Elkins*, Plaintiff filed his action *after* Cosori had already initiated its Recall.

The second prong of the ripeness inquiry is also easily satisfied, as the Court's withholding of review at least until Plaintiff engages in the Recall process would cause him no direct or immediate hardship, and significantly, none is pled. *See Guan*, 2022 WL 17089817 at *5 (no showing that dismissal would entail more than possible financial loss); *Elkins*, 2020 WL 4882412, at *6 (prong satisfied where hardship was

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA 92121

1   purely financial).  Accordingly, the Court should decline to exercise jurisdiction over

2   Plaintiff's claims.

3          **C.     The Recall Remedies Moot Plaintiff's Claims.**

4          The Court should also dismiss the Complaint under the doctrine of prudential

5   mootness.  "Under the doctrine of prudential mootness, there are circumstances under

6   which a controversy, not constitutionally moot, is so 'attenuated that considerations

7   of prudence and comity for coordinate branches of government counsel to stay its

8   hand, and to withhold relief it has the power to grant.'" *Cheng v. BMW of N. Am.,*

9   *LLC*, 2013 WL 3940815, at *2 (C.D. Cal. July 26, 2013) (citation omitted).  The

10  central inquiry in determining if the prudential mootness doctrine applies is whether

11  "circumstances [have] changed since the beginning of the litigation that forestall any

12  occasion for meaningful relief." *Id.* (citing *Fletcher v. United States*, 116 F.3d 1315,

13  1321 (10th Cir. 1997)).  In *Winzler v. Toyota Motor Sales USA*, 681 F.3d 1208 (10th

14  Cir. 2012), then-Judge Neil Gorsuch reasoned: "While deciding the lawsuit might

15  once have had practical importance, given the assurances of relief from some other

16  department of government it doesn't any longer." *Id.* at 1210.

17         Cosori announced the voluntary Recall on February 23, 2023, and it is

18  undisputed that Plaintiff's product is within the scope.  (*See* Compl. ¶¶ 19, 77; Liauw

19  Dec. ¶ 4.)  Cosori is presently conducting the Recall under the auspices of the CPSC.

20  (Liauw Dec. ¶¶ 4–7.)  By coordinating the Recall through the CPSC, Cosori is

21  obligated by statute to notify all purchasers of the Products subject to the Recall and

22  offer a no-cost remedy approved by the CPSC.  *See* 15 U.S.C. § 2064(i), (d), (e).

23  Moreover, Cosori has subjected itself to the CPSC's continuing oversight. *See, e.g.*,

24  *id.* at § 2064 (establishing CPSC authority to regulate consumer products, rules, and

25  recalls). Should Cosori fall short of effectuating the Recall to the CPSC's exacting

26  satisfaction, the agency has means to ensure full compliance. *See id.* at § 2064(d).

27         The CPSC's active involvement here means the Court should exercise its

28  discretion to defer to CPSC's Recall oversight, which includes approving the

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA 92121

-18-

remedies available to Plaintiff and others.  *See, e.g.*, *Cheng*, 2013 WL 3940815, at *4; *Nasoordeen v. FDIC*, 2010 WL 1135888, at *10 (C.D. Cal. Mar. 17, 2010) (dismissing claim for prudential mootness); *see also Winzler*, 681 F.3d 1208.  In view of well-established deference to the CPSC's remedies and purview, and given the futility of Plaintiff's jurisdictional arguments, this case should be dismissed without leave to amend.  *See, e.g.*, *Elkins*, 2020 WL 4882412, at *6 (court concluded that facts require *development*, not that plaintiffs possess additional facts they could have pleaded to render their claims ripe for adjudication but did not); *Fahie v. Miranda*, 2015 WL 631640, at *5 (C.D. Cal. Feb. 11, 2015) (dismissing without leave to amend based on futility of any amendments); *see also Pacheco v. Ford Motor Co.*, 2023 WL 2603937, at *5 (E.D. Mich. Mar. 22, 2023) ("Ford has undertaken the recall process and has offered to remedy the Spontaneous Fire Risk without charge. Plaintiffs have not alleged a cognizable danger that this recall process, supervised by NHTSA, will fail and that they will be left without a complete remedy.").

## III.    THE COMPLAINT FAILS TO STATE A CLAIM

### A.    Plaintiff Cannot Plausibly Allege Cosori's Pre-Sale Knowledge, Defeating His Fraud-Based Claims.

Plaintiff's fraud-based claims fail because Plaintiff has not alleged—plausibly or otherwise—that Cosori was aware of the alleged defect *before* Plaintiff purchased the product in May of 2019.  "All these laws have a knowledge requirement." *Williams v. Tesla, Inc.*, 2022 WL 899847, at *3 (N.D. Cal. Mar. 28, 2022). Specifically, Plaintiff must "plausibly allege [Cosori] had *pre-sale knowledge* of the alleged defect." *Id.* (emphasis added) (dismissing on this basis claims under CLRA, FAL, and UCL, and for fraudulent concealment); *accord Barrera v. Samsung Elecs. Am., Inc.*, 2019 WL 1950295, at *4 (C.D. Cal. Feb. 27, 2019) ("To state a valid claim for deceptive practices and fraud under the UCL, FAL, and CLRA, a plaintiff must allege that the defendant had pre-purchase knowledge of the defects.").

//

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA 92121

Here, Plaintiff does not even *attempt* to make his required showing.  Instead, Plaintiff vaguely (and baselessly) alleges that "Defendant knew of [the] risk *long before February 2023* due to consumer injury reports and reports of fires and overheating; its sophistication; the substantial length of time during which Defendant was manufacturing the defective Products . . . and the enormous number of products impacted."  (Compl. ¶ 6 (emphasis added).)  Similarly, Plaintiff's bare and cryptic allegation that Cosori was aware of the alleged defect "at least as early as the beginning of the Class Period" (*Id*. ¶ 115) cannot possibly survive a motion to dismiss.  In fact, Plaintiff's "Class Period" is only loosely defined as the "applicable statutes of limitations for Plaintiff['s] claims," completely untethered to a particular date.  (*Id*. ¶ 10 n.2.)  Plaintiff's "speculative and vague allegations" simply do not "create a plausible inference" that Cosori knew of the alleged defect before May of 2019.  *See Williams*, 2022 WL 899847, at *4.

As the Ninth Circuit has explained, "courts have rejected undated customer complaints offered as a factual basis for a manufacturer's knowledge of a defect because they provide no indication whether the manufacturer was aware of the defect *at the time of sale*."  *Wilson v. Hewlett-Packard Co*., 668 F.3d 1136, 1147 (9th Cir. 2012) (emphasis in original); *accord MacDonald v. Ford Motor Co*., 37 F. Supp. 3d 1087, 1094 (N.D. Cal. 2014) ("undated complaints cannot support an inference of knowledge"); *Baba v. Hewlett-Packard Co*., 2010 WL 2486353, at *5 (N.D. Cal. June 16, 2010) ("None of those postings or complaints, however, include any dates, and therefore shed no light on when HP knew of the alleged defects.").  On this basis alone, the Court should dismiss Plaintiff's claims under the CLRA and FAL, the "unfair" and "fraudulent" prongs of the UCL, and for common-law fraud.  *Espineli v. Toyota Motor Sales, U.S.A., Inc.*, 2019 WL 2249605, at *9–10 (E.D. Cal. May 24, 2019) (dismissing CLRA and UCL claims because "plaintiffs have not sufficiently established defendants were aware of the alleged defect" at the time of purchase); *Williams*, 2022 WL 899847, at *4–6 (same, plus FAL claim); *Ahern v. Apple Inc*.,

-20-

411 F. Supp. 3d 541, 564–65 (N.D. Cal. 2019) (for fraudulent concealment under California law, a defendant "must have known of the defect at the time of sale").

**B.    None of Plaintiff's Fraud-Based Claims Are Pled with Particularity.**

Rule 9(b) requires that when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." *See Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022–23 (9th Cir. 2000) (fraud must be pled "with a high degree of meticulousness"). Where CLRA and UCL claims (under each of the fraudulent, unlawful, and unfair prongs) are based on misrepresentation or omission, the "heightened pleading requirements of Rule 9(b)" apply. *Watkins v. MGA Ent., Inc.*, 550 F. Supp. 3d 815, 833 (N.D. Cal. 2021) (citing *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009)). Similarly, "[c]laims pursuant to the FAL are subject to the heightened pleading requirements of Rule 9(b)." *In re Outlaw Lab., LLP*, 463 F. Supp. 3d 1068, 1085 (S.D. Cal. 2020).

The "particularity" requirement insists that a plaintiff specifically plead: (1) the contents of the misrepresentation; (2) the identity of the speaker and their authority to speak; (3) when and where the statements were made; (4) whether the statements were oral or written and, in the latter instance, the specific documents containing the representations; and (5) how the representations are allegedly false or misleading. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 549 (9th Cir. 1989). "Conclusory allegations are insufficient, and the facts constituting the fraud must be alleged with specificity." *In re ConAgra Foods Inc.*, 908 F. Supp. 2d 1090, 1097 (C.D. Cal. 2012). "Merely stating that a purchaser [read] a statement and then purchased a product in a particular year is not sufficient." *Stearns v. Select Comfort Retail Corp.*, 2009 WL 1635931, at *11 (N.D. Cal., June 5, 2009).

Here, Plaintiff baldly alleges that "[Cosori] failed to disclose on Product packaging, on its website, on third-party retailer websites, or otherwise, that the Products posed a risk of fire or burning and/or that Defendant had received numerous reports of Products catching fire, burning, melting, overheating and smoking,

-21-

including reports of burn injuries and property damage." (Compl., ¶ 39.)  He does not identify the specific marketing materials he purports to quote, allege when and where he saw them or which particular statement influenced his purchasing decision, or how each statement is untrue or misleading in the context of the (unidentified) material.  As a result, he fails to plead his fraud-based claims with the requisite degree of particularity.  *See, e.g.*, *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003) (claims grounded in fraud must satisfy the particularity requirement of Rule 9(b)); *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548–49 (9th Cir. 1994) ("[A] plaintiff must set forth, as part of the circumstances constituting fraud, an explanation as to why the disputed statement was untrue or misleading *when made*."); *Kearns*, 567 F.3d at 1125–26 (dismissal affirmed where plaintiff did not specify the ads, "when he was exposed to them," or "which ones he found material" and "relied upon in making his decision to buy").

Instead, Plaintiff merely alleges that Cosori "concealed" the risk of defect, suggesting that Cosori "failed to disclose and actively concealed the known risk of fire even though it had exclusive knowledge of that risk." (Compl. ¶ 7.)  But these generalized and conclusory statements, which omit any substantive allegations about when or if Cosori learned of the alleged risk, cannot satisfy Rule 9(b)'s heightened pleading standard.  *See, e.g.*, *Tait v. BSH Home Appliances Corp.*, 2011 WL 1832941, at *2–3 (C.D. Cal., May 12, 2011) (references to misstatements on defendant's website and in operating instructions offered "no information regarding *when*, or even *if*, each of the named Plaintiffs viewed" either); *Hoey v. Sony Elec., Inc.*, 515 F. Supp. 2d 1099, 1106 (N.D. Cal. 2007) (conclusory concealment and/or nondisclosure allegations did not comply with Rule 9(b), resulting in dismissal of fraudulent concealment, UCL, CLRA claims).

//

//

//

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA 92121

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA 92121

### C.     Plaintiff's Claim Under the Unlawful and Unfair Prongs of the UCL Must Also Be Dismissed.

Plaintiff grounds his UCL "unlawful" prong claim on Cosori's purported breaches of the FAL, CLRA, and Section 5 of the Federal Trade Commission Act ("FTCA"). (Compl. ¶ 105.)  First, as discussed, because Plaintiff has failed to state a claim under the FAL and CLRA, his claim under the 'unlawful' prong of the UCL cannot independently stand.  *See Williams*, 2022 WL 899847, at *5.  The FTCA also cannot serve as the statutory basis for his claim because "the FTCA … does not provide individuals with a private right of action and cannot be used as a predicate for a UCL claim."  *BMA LLC v. HDR Glob. Trading Ltd.*, 2021 WL 4061698, at *16 (N.D. Cal. Sept. 7, 2021) (internal quotation marks omitted); *see Schmitt v. SN Servicing Corp.*, 2021 WL 3493754, at *10 (N.D. Cal. Aug. 9, 2021) (same).

Moreover, where, as here, a plaintiff "has alleged a 'unified course of fraudulent conduct,' Rule 9(b)'s particularity requirement [also] applies to the unlawful and unfair prong of the UCL."  *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1094 (N.D. Cal. 2017) (quoting *Kearns*, 567 F.3d at 1126–27).  Specifically, "[a] UCL claim of any kind must identify the particular section of the statute that was violated and must describe with reasonable particularity the facts supporting the violation."  *Schmitt*, 2021 WL 3493754, at *9.  So even if the FTCA provided grounds for Plaintiff's claims (it does not), his haphazard reference to the statute cannot save his claim from dismissal.  *See Baba v. Hewlett-Packard Co.*, 2010 WL 2486353, at *6 (N.D. Cal. Jun. 16, 2010) (dismissing UCL claim where plaintiffs conclusory alleged defendants violated six statutes without considering that each "has its own line of case law and its own set of elements" and requiring plaintiffs to "plead with particularity how the facts of this case pertain to that specific statute").

In addition, the Complaint fails to plead a cause of action under the UCL "unfair" prong because unfairness must "be tethered to some legislatively declared policy."  *Cel-Tech Comm'cns, Inc. v. L.A. Cellular Tele. Co.*, 20 Cal. 4th 163, 165

(Cal. 1999). The Complaint fails to adequately invoke a statute or any "legislatively declared policy" whose violation would serve as the basis for liability and the facts here belie the plausibility of any such claim. Here, Cosori has worked diligently with the CPSC to identify, isolate, and address a potential safety issue related to an extremely limited number of Products and ensure consumer safety by voluntarily effectuating the Recall in compliance with CPSC guidelines and regulations. (Liauw Dec. ¶¶ 4-5.)

### D.   The Economic Loss Doctrine Bars Plaintiff's Common Law Fraud Claims.

Plaintiff's common law fraud claim is further barred by the economic loss doctrine, which precludes recovery in tort for purely economic losses arising from contract. *See Kelsey v. Nissan N. Am.*, 2020 WL 4592744, at *1 (C.D. Cal. July 15, 2020); *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 988 (Cal. 2004) (holding remedy in "contract alone" where purchaser suffers only "economic losses"). Plaintiff alleges no personal injury or property damage here; rather, Plaintiff's sole alleged harm is that he would not have purchased or would have paid less for the air fryer had he known of its alleged defects. (*See* Compl. ¶ 172.) This is pure economic loss; alleged damages for inadequate value and replacement of the allegedly defective Products are strictly contractual in nature. *See Robinson Helicopter*, 34 Cal. 4th at 988 (a purchaser must "recover in contract for purely economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond a broken contractual promise."). *See Mosqueda v. Am. Honda Motor Co., Inc.*, 443 F.Supp. 3d 1115, 1134 (C.D. Cal. 2020) (economic loss rule bars fraudulent omission claim); *Kelsey*, 2020 WL 4592744, at *1 ("[T]o avoid the limitations of the economic loss rule, a plaintiff must plead and prove harm premised on a 'defendant's affirmative misrepresentations' that led to 'personal damages independent of the plaintiffs['] economic loss.") (citation omitted).

//

-24-

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA 92121

**E.      Plaintiff's Warranty Claims Are Insufficiently Pled.**

      **1.      Plaintiff's Breach of Express Warranty Is Inadequately Pled on Its Face.**

To state a breach of express warranty claim, a plaintiff "must allege (1) the exact terms of the warranty; (2) reasonable reliance thereon; and (3) a breach of warranty which proximately caused plaintiff's injury." *Minkler v. Apple, Inc*., 65 F. Supp. 3d 810, 817 (N.D. Cal. 2014). Here, Plaintiff has failed to adequately allege any of these elements.

First, Plaintiff fails to allege the exact terms of the express warranty, which is a written contract. Rather, he generally alleges Cosori "made representations to the public, including Plaintiff[] and the Class, by its advertising, packaging, labeling, and other means." (Compl. ¶ 142.) Plaintiff also recites a litany of "safety features" he alleges Cosori used to promote the Products, and claims he was "exposed" to these representations, "including. . . that the Products were effective cooking appliances, technologically advanced, and included temperature control and overheat safety features." (Compl. ¶¶ 73, 78.) Plaintiff also relies on a promotion that the products are "Safe and Eco-Friendly!" (Compl. ¶ 33.) But these kinds of "[v]ague statements regarding reliability, dependability, and safety are not actionable express warranties." *Smith v. LG Elecs. U.S.A., Inc.,* 2014 WL 989742, at *5 (N.D. Cal. Mar. 11, 2014); *see Watkins v. MGA Ent., Inc.*, 574 F. Supp. 3d 747, 756 (N.D. Cal. 2021); *Mandani v. Volkswagen Grp. of Am., Inc.*, 2019 WL 652867, at *4 (N.D. Cal. Feb. 15, 2019).

Second, Plaintiff fails to allege actual reliance on any statement, which is required where there is no privity between consumer (Plaintiff) and manufacturer (Cosori). *See Watkins v. MGA Ent., Inc.*, 574 F. Supp. 3d 747, 758 (N.D. Cal. 2021).[6]

---

[6] Plaintiff alleges that he was "in privity with Defendant by virtue of [his] interactions with Defendant and/or its retailers, who acted as Defendant's agents." (Compl. ¶ 146.) This legal conclusion should not be countenanced. *Iqbal*, 556 U.S. at 678. Tellingly, Plaintiff fails to actually identify any such "interactions" with Cosori. And this agency theory of privity has specifically been rejected by the Ninth Circuit.

Indeed, it is blackletter law that an end consumer who buys from a retailer does not have privity with the manufacturer. *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008). Plaintiff's general allegation that he "reviewed and relied on Defendant's representations and omissions when purchasing and using the Product" (Compl. ¶¶ 74, 79) cannot withstand a motion to dismiss. *Marrujo v. Coloplast Corp.*, 2020 WL 3791637, at *3 (S.D. Cal. July 7, 2020) (statement that plaintiffs "reasonably relied" does not satisfy "the *Twombly*/*Iqbal* pleading standard" as it failed to allege personal reliance on "*specific representations* in selecting" the product); *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 988 (N.D. Cal. 2009) (dismissing express warranty claim where plaintiff asserted only "that he looked at Apple's website," but failed "to allege reasonable reliance *on any specific representations* Apple made with respect to the [product]") (emphases added).

Finally, Plaintiff fails to identify which of these alleged terms led to *a breach* of warranty, much less how and when that breach occurred. *See Smith*, 2014 WL 989742, at *6 (finding no breach of express warranties because plaintiff has not alleged that recall "issue rendered the alleged express warranties untrue during the applicable one-year warranty period").

## 2. Plaintiff's Claim Fails Under the Terms of the Limited Warranty.

Plaintiff also fails to allege breach of express warranty for a separate and critical reason: "[C]aselaw makes clear a breach of express warranty claim is not premised on defects alone, but rather, on how the seller responds to the buyer's request to remedy those defects *pursuant to the terms of the express warranty*." *Crown Cell Inc. v. Ecovacs Robotics Inc.*, 2022 WL 4087512, at *5 (N.D. Cal. Sept. 6, 2022) (emphasis added); *Punian v. Gillette Co.*, 2016 WL 1029607, at *6 (N.D. Cal. Mar. 15, 2016) ("An express warranty is not a representation that a product

---

*Murphy v. DirecTV, Inc.*, 724 F.3d 1218, 1232 (9th Cir. 2013) ("Generally, retailers are not considered the agents of the manufacturers whose products they sell.").

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA 92121

1   has no defects, but rather a promise to repair, replace, or refund a failed product.").

2   The actual terms of Cosori's warranty, as well as Cosori's response to any request to

3   remedy an alleged defect, are critical to his claim.  Although Plaintiff does not attach

4   Cosori's limited warranty to the Complaint, he repeatedly relies upon and references

5   that warranty and the user manual in which it appears.  (*See, e.g.*, Compl. ¶¶ 148–50;

6   ¶¶ 35–36.)[7]

7           This warranty, which provides refunds within 30 days of purchase and product

8   replacements within one year of purchase, directs the consumer to contact Cosori's

9   Customer Service department regarding any purported defect and provide a copy of

10   the invoice and order number.  (*See* Liauw Dec. ¶¶ 2–3; Ex. A thereto at pp. 22-23;

11   Ex. B thereto at pp. 79-80.)  Plaintiff alleges he "provide[d Cosori] with notice of its

12   warranty breaches" (Compl. ¶ 145), but that purported notice (in a letter from

13   Plaintiff's counsel dated March 28, 2023) was only received by Cosori's registered

14   agent *two days* before the complaint was filed.  (Liauw Dec. ¶ 8.)  Tellingly, Plaintiff

15   does not allege that he ever made a warranty claim to Cosori, let alone that Cosori

16   failed to perform in response thereto.  *See Stearns v. Select Comfort Retail Corp.*,

17   2008 WL 4542967, at *5 (N.D. Cal. Oct. 1, 2008) (plaintiff failed to allege that she

18   attempted to invoke her limited warranty or that defendant refused to remedy the

19   alleged product defect pursuant to its terms).

20           And here is the most dubious aspect of Plaintiff's breach of warranty claim:

21   even though Plaintiff's claim is well beyond Cosori's warranty period, Cosori has

22   still offered Plaintiff a replacement through the CPSC-approved Recall—the ***exact***

23   ***same remedy provided by the limited warranty***.  (*See* Liauw Dec. ¶ 6.)  Plaintiff

---

24   _____

25   [7] The terms of the warranties are identical for both model numbers referenced in the
    Complaint.  (*See* Liauw Dec. Ex A at 22-23; Ex. B at 79-80.)  Because Cosori's

26   limited warranty is incorporated into and part of the Complaint, the Court may take
    judicial notice of it.  *See, e.g.*, *Cover v. Windsor Surry Co.*, 2016 WL 520991, at *2

27   (N.D. Cal. Feb. 10, 2016) ("courts may consider relevant documents not physically
    attached to the plaintiff's pleading if (1) the contents are central to the allegations and

28   (2) no party questions the authenticity of the documents."). (*See* Request for Judicial
    Notice filed contemporaneously herewith at 3–4).)

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA 92121

1   nevertheless baselessly alleges that Cosori's replacements are "inadequate" (Compl.

2   ¶ 68) without even having registered to receive one.  In any event, California courts

3   routinely reject such conclusory objections to a warranty process.  *See, e.g.*, *Cheng*

4   *v. BMW of N. Am., LLC*, 2013 WL 12133886, at *4 (C.D. Cal. Apr. 12, 2013)

5   (rejecting consumer's argument that providing a "repair opportunity would have been

6   'futile'" for a breach of express warranty claim).

7       Plaintiff's allegation that Cosori's "warranty period" is unconscionable is

8   irrelevant because Cosori is offering exactly what Plaintiff would be entitled to under

9   the warranty were his claim to have been timely.  (*See* Compl. ¶ 150.)  In his haste to

10  throw something to the wall that sticks, Plaintiff also ignores that Cosori's one-year

11  warranty "corresponds to the maximum limit permitted under California law."  *See*

12  *Marchante v. Sony Corp. of Am., Inc.*, 801 F. Supp. 2d 1013, 1023 (S.D. Cal 2011).

13      Plaintiff's more general unconscionability arguments (Compl. ¶¶ 148–49)

14  similarly lack merit, including because of the options available to him.  *See Miller v.*

15  *Ford Motor Co.*, 620 F. Supp. 3d 1045, 1057 (E.D. Cal. 2022) ("standard warranties,

16  despite generally being non-negotiable, have routinely been upheld absent

17  allegations the plaintiffs lacked other viable options to purchase a similar product or

18  for obtaining additional warranty protections from the defendant").  Additionally,

19  Plaintiff does not (and cannot) allege that Cosori "changed its standard warranty as a

20  result of knowing about the [defect], or . . . took its alleged knowledge . . . into

21  account in setting the warranty's time . . . limitation," which defeats his claim.  *Seifi*

22  *v. Mercedes-Benz USA, LLC*, 2013 WL 5568449, at *5 (N.D. Cal. Oct. 9, 2013); *see*

23  *Fisher v. Honda N.A., Inc.*, 2014 WL 2808188, at *9 (C.D. Cal. June 12, 2014) (no

24  unconscionability where plaintiff did not plead defendant limited the warranty

25  because it "was aware that the defect would only become manifest after the warranty

26  period ended").

27  //

28  //

Dentons US LLP
4655 Executive Drive, Suite 700
San Diego, California 92121

### 3.   Plaintiff Does Not State a Claim for Breach of Implied Warranty.

Under California Commercial Code section 2314, a plaintiff alleging an implied breach of warranty claim must be in vertical privity with the defendant. *Clemens*, 534 F.3d at 1023.  Plaintiff acknowledges he purchased his air fryer from Amazon.com, conceding the absence of privity.  (Compl. ¶¶ 17, 19.)  While Plaintiff alleges (as part of his express warranty claim) that he is a third-party beneficiary of the warranty (Compl. ¶ 147), the Ninth Circuit in *Clemens* expressly declined to recognize such an exception.  *See, e.g.*, *Obertman v. Electrolux Home Care Prod., Inc*, 482 F. Supp. 3d 1017, 1029 (E.D. Cal. 2020) (following "the precedent set by *Clemens*, and in light of the lack of authority holding otherwise" declining "to find a new exception to the vertical privity requirement" for implied warranty claims) (citing *Clemens*, 534 F.3d at 1023).  Nor should this legal conclusion be credited by the Court.  *Iqbal*, 556 U.S. at 678.

In addition, because the implied warranty of merchantability only applies to the initial condition of a product, Plaintiff must demonstrate that his new product was not merchantable at the time of purchase.  *See Hovsepian v. Apple, Inc.*, 2009 WL 2591445, at *7 (N.D. Cal. Aug. 21, 2009); *Berenblat v. Apple, Inc*., 2009 WL 2591366, at *3 (N.D. Cal. Aug. 21, 2009).  Indeed, to assert an implied warranty claim, "it is not enough to allege that a product line contains a defect or that a product is at risk for manifesting this defect; rather, the plaintiffs must allege that their product *actually exhibited the alleged defect*."  *Taragan v. Nissan N. Am., Inc.*, 2013 WL 3157918, at *4 (N.D. Cal. June 20, 2013) (emphasis added by court) (quoting *O'Neil v. Simplicity, Inc.*, 574 F.3d 501, 503 (8th Cir. 2009)); *accord McGee v. Mercedes-Benz USA, LLC*, 612 F. Supp. 3d 1051, 1061 (S.D. Cal. 2020) ("because there is no evidence that any defect manifested in the vehicle, Plaintiff's argument that the Takata Recall interim notice letter raises a triable issue of material fact that the vehicle was fit for its intended use is unpersuasive").  But Plaintiff does not plead

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA 92121

that his Product overheated or otherwise exhibited any alleged defect whatsoever, much less at the time of purchase, so he cannot establish an implied warranty claim.

### F.    Differences in State Laws Preclude a Nationwide Class.

Plaintiff improperly seeks to apply California law to the claims of the nationwide putative class. (Compl. ¶¶ 85, 96.)  As justification, Plaintiff asserts that "California has the greatest interest in this lawsuit" because Cosori is headquartered there, and the "false and misleading representations and omissions" originated from California.  (*Id.* ¶¶ 23–24.)  But Ninth Circuit precedent forecloses this unjustified rationalization.  *See Mazza v. Am. Honda Motor Co.*, 666 F.3d 581 (9th Cir.  2012), *overruled in part on other grounds by Olean Wholesale Grocery Coop. v. Bumble Bee Foods LLC*, 31 F.4th 651 (9th Cir. 2022) (decertifying "nationwide class" due to variances between California consumer protection laws and those of other states); *Vinci v. Hyundai Motor Am.*, 2018 WL 6136828 (C.D. Cal. Apr. 10, 2018) (dismissing with prejudice nationwide CLRA, FAL, UCL, warranty, and fraud claims brought against defendant headquartered in California).

In *Mazza*, the Ninth Circuit held that "each class member's consumer protection claim should be governed by the consumer protection laws of the jurisdiction in which the transaction took place."[8]  *Id.* at 594.  Indeed, each state has the greatest interest in protecting its own citizens.  *Id.* at 593; *see, e.g.*, *McKinney*, 2022 WL 17736777, at *7 ("While Corsair is headquartered in California . . . Plaintiffs allege that the class 'includes citizens of most (or potentially all) states'. . . who presumably purchased Corsair's products while located in their home states"). The Ninth Circuit

---

[8] Notably, California law materially differs from the laws of other states. *Mazza*, 666 F.3d at 590. *Vinci*, 2018 WL 6136828, at *7 (dismissing with prejudice nationwide CLRA, FAL, UCL, warranty, and fraud claims, and noting differences including scienter, reliance, statutes of limitations, exemptions, and remedies); *Lemus*, 613 F. Supp. 3d at 1278 (differences for express warranty); *Darisse v. Nest Labs, Inc.*, 2016 WL 4385849, at *11 (N.D. Cal. Aug. 15, 2016) (differences in privity, reliance, and notice for express warranty between all fifty states, and privity, notice, and class action availbility for implied warranty claims).  For a general overview of these differences, see Exhibits E through G to Cosori's Request for Judicial Notice.

Dentons US LLP
4655 Executive Drive, Suite 700
San Diego, California 92121

concluded that applying California law to non-residents who purchased their products outside of California was improper, despite that defendant was headquartered in California and the allegedly fraudulent misrepresentations emanated from California. *See id.* at 590.  In that vein, numerous courts, including many in this District, have "dismissed multi-state claims at the pleading stage." *Lemus v. Rite Aid Corp.*, 613 F. Supp. 3d 1269, 1278 (C.D. Cal. 2022).[9]  The same result should follow here.  *See Schepler v. Am. Honda Motor Co.*, 2019 WL 398000, at *6 (C.D. Cal. Jan. 29, 2019) (applying *Mazza* on a motion to dismiss noting the absence of "an actual need for further relevant factual development").

## IV. **CONCLUSION**

For the foregoing reasons, the Complaint should be dismissed in its entirety with prejudice.

Respectfully submitted,

Dated:  May 31, 2023

DENTONS US LLP

By:  */s/Sarah Carlson*
Sarah Carlson

Attorneys for Defendant
Arovast Corporation

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA 92121

---

[9] *See also Nazos v. Toyota Motor Corp.*, 2022 WL 17078882, at *7 (C.D. Cal. Oct. 13, 2022) ("many district courts have applied *Mazza* at the pleading stage"); *Vinci*, 2018 WL 6136828, at *5 (collecting cases).

1

## **CERTIFICATION OF COMPLIANCE WITH RULE 11-6.2**

2        The undersigned, counsel of record for Defendant Arovast Corporation,

3  certifies that this brief complies with the page limit set by court order dated April 11,

4  2023 (Dkt 13).

5

6  Dated:  May 31, 2023                    DENTONS US LLP

7

8                                          By:  _/s/Sarah Carlson_____
                                                Sarah Carlson

9                                          Attorneys for Defendant
                                           Arovast Corporation

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA 92121