DANIEL L. KELLER (SBN 191738)
**KELLER, FISHBACK & JACKSON LLP**
28720 Canwood Street, Suite 200
Agoura Hills, CA 91301
Telephone:  818.342.7442
Facsimile:   818.342.7616
Email: dkeller@kfjlegal.com

STEPHEN J. FEARON, JR. (*pro hac vice*)
PAUL V. SWEENY (*pro hac vice*)
**SQUITIERI & FEARON, LLP**
305 Broadway, 7th Fl.
Telephone: (212) 421-6492
Facsimile: (212) 421-6553
Email: stephen@sfclasslaw.com
Email: paul@sfclasslaw.com

**Attorneys for Plaintiffs and the Proposed Class**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANNETTE FINCH and NAM TAO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AROVAST CORPORATION d/b/a COSORI CORPORATION,<br><br>Defendant. | Case No.: 8:23-CV-00599 JWH (JDEx)<br><br>**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>[Fed R. Civ. P. 12(b)(1) and (6)]<br><br>Date: Sept. 8, 2023<br>Time: 9:00 a.m.<br>Dept.: Courtroom 9D<br>Judge: John W. Holcomb<br><br>Date Action Filed: April 6, 2023 |

1

## TABLE OF CONTENTS

2    INTRODUCTION ……………………………………..………......…. 7

3    FACTUAL ALLEGATIONS ……………………………….…....…..8

4    I.    From June 2018 to February 2023, Cosori Misleadingly
5          Promoted the Products and Omitted Material Information
6          It Had a Duty to Disclose ……………..………….…………...… 8

7    II.   In February 2023, Cosori Finally Disclosed the Defect and
8          Implemented a Grossly Inadequate Replacement Recall ….…..… 8

9    III.  Mr. Tao Purchased His Product Based on Cosori's
10         Advertising …………………………………………..…….… 9

11

12   ARGUMENT ………………………………………………..…… 9

13   I.    The Court Should Deny Cosori's Rule 12(B)(1) Motion………..… 9

14         A.    Standard of Review ……………………………...……… 9
15         B.    Mr. Tao's Economic Losses Establish Article III Standing .. 9
16         C.    Cosori Cannot Tactically Moot Mr. Tao's Article III
             Standing by Forcing Him to Accept a Replacement
17             Remedy ……………………………………………… 11

18         D.    Mr. Tao's Claims Are Not Prudentially Moot ...……….… 14
19         E.    The Court Should Permit Jurisdictional Discovery
20             Before Dismissing Mr. Tao's Action Under Rule 12(b)(1) … 16

21   II.   The Court should Deny Cosori's Rule 12(b)(6) Motion …………… 18

22         A.    Standard of Review  ………………………………….. 18
             B.    Mr. Tao Plausibly Alleges Affirmative Misrepresentations
23             and Actionable Omissions by Cosori for His Fraud-Based
24             Claims ……………………………………...……… 18
             C.    Mr. Tao Plausibly Alleges Cosori's Pre-Purchase
25             Knowledge for His Fraud Based Claims ………………… 20
26         D.    Mr. Tao Alleges His Fraud-Based Claims with
             Particularity ……………………………………… 22
27         E.    Mr. Tao Alleges Claims Under the Unfair and Unlawful
28             UCL Prongs ……………………………………… 24

1

**F.**   **The Economic Loss Doctrine Does Not Bar Mr. Tao's Fraud Claim** ………………………………………… 25

**G.**   **Mr. Tao Plausibly Alleges His Warranty Claims** ………… 27

1.   **Plaintiff Plausibly Alleges an Express Breach Warranty Claim** ……………………………..……….. 27

**2.**   **Mr. Tao Does Not Reference the Limited Warranty or Allege That Cosori Breached the Limited Warranty** …………………………………… 28

3.   **Mr. Tao Alleges a Claim for Breach of the Implied Covenant Even Though He Lacks Privity with Cosori** …………………………………….. 29

**H.**   **The Court Should Not Dismiss the Nationwide Class Allegations** ……………………………………………… 30

**CONCLUSION** …………………..……………………………………… 31

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS CLASS ACTION COMPLAINT FOR DAMAGES

# TABLE OF AUTHORITIES

**Statutes**                                                                                                                      **page**

15 U.S.C. 2072(c) ……………………………………………………………….    16
15 U.S.C. § 2073 ……………………………………………………………….    15
15 U.S.C. 2074(a) ……………………………………………………………...    15
Fed.Rule Civ.Proc. 12(b)(1) ……………………………………… 7, 10, 11, 16
Fed.Rule Civ.Proc. 12(b)(6) ……………………………………………… 7, 18
Cal. Com. Code § 2313(1)(b) …………………………………………….    27

**Cases**                                                                                                                          **page**

*Adam v. Barone*, 41 F.4th 230, 235 (3d Cir. 2022) ……………………………..    13
*Allen v. Hylands, Inc*., No. CV 12-01150 DMG MANX,
    2012 WL 1656750, at *2 (C.D. Cal. May 2, 2012) ………………………    31
*Ashton v. J.M. Smucker Co*., No. EDCV20992JGBSHKX,
    2020 WL 8575140, at *11 (C.D. Cal. Dec. 16, 2020) …………………….    27
*Bank of the W. v. Superior Ct*., 2 Cal. 4th 1254, 1276 n.9 (Cal. 1992) …...……    29
*Battle v. Taylor James, LLC*, 607 F. Supp. 3d 1025, 1044–45
    (C.D. Cal. 2022) ……………………………………………………………    24
*BCS Bus. Consulting Servs. Pte. Ltd. v. Baker,* No.
    19-cv-06914J-WHJ-PRX, 2022 WL 1134706, at *1
    (C.D. Cal. Mar. 23, 2022) …………………………………………………..    18
*Berke v. Whole Foods Mkt., Inc*., No. 19-7471, 2020 WL 5802370,
    at *1, *8 (C.D. Cal. Sept. 18, 2020) …………………………………………    11
*Beyer v. Symantec Corp.*, 333 F. Supp. 3d 966, 981 (N.D. Cal. 2018) ………...    21
*Branzell v. California Cryobank LLC*, No. 2:19-CV-10745-VAP-EX,
    2020 WL 8410434, at *4 (C.D. Cal. Oct. 19, 2020) ……………… ...    16, 17
*Campbell-Ewald Co. v. Gomez*, 577 U.S. 152, 161 (2016) ……………….. 12, 13, 16
*Charlton v. LG Energy Sol. Mich., Inc*., 2023 WL
    1420726 (S.D. Cal. Jan. 31, 2023) ………………………………………..    16
*Chen v. Allstate*, 819 F.3d 1136 (9th Cir. 2016) ………………………………12 - 14
*Cheng v. BMW of N. Am., LLC*, No. 12-cv-09262, 2013 WL
    3940815, at *2-4 (C.D. Cal. July 26, 2013) ……………………………    15
*Delacruz v. Cytosports*, No. 11-3532 (Dkt. 48), 2012 WL
    256387, at *9 (N.D. Cal June 28, 2012) …………………………………    23
*Dhital v. Nissan N. Am., Inc*., 84 Cal. App. 5th 828, 843
    (Cal. Ct. App. 2022), *petition for review granted*,
    523 P.3d 392 (Cal. Feb. 1, 2023) ………………………………………    26

*Doe v. CVS Pharmacy, Inc.*, 982 F.3d 1204, 1214-15 (9th Cir. 2020) ………… 26

*Ehret v. Uber Techs., Inc.*, 68 F. Supp. 3d 1121, 1130 (N.D. Cal. 2014) ………. 31

*Falk v. General Motors Corp.*, 496 F. Supp. 2d 1088, 1095 (N.D. Cal. 2007) … 19

*Forrett v. Gourmet Nut Inc.*, No. 22-CV-02045-BLF, 2023
    WL 3749556, at *7 (N.D. Cal. June 1, 2023) ……………………………… 19

*Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 85 (2013) ……………….... 14

*Hall v. Fiat Chrysler Am. US LLC,* No. SACV2100762CJCDFMX,
    2022 WL 17885693, at *4 (C.D. Cal. Oct. 24, 2022) …………………… 30

*Hastings v. Ford Motor Co.*, No. 19-CV-02217-BAS-MDD,
    2020 WL 12688367, at *5 (S.D. Cal. Oct. 2, 2020) …………………… 26, 27

*Hernandez v. Radio Sys. Corp.*, No. EDCV221861JGBKKX,
    2023 WL 2629020, at *4-5 (C.D. Cal. Mar. 9, 2023) ………………….. 27

*Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1104 n.3, 1105 (9th Cir. 2013) ……. .. 11

*Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 990 (C.D. Cal. 2018) ………… 12

*Hoey v. Sony Elec., Inc.*, 515 F. Supp. 2d 1099, 1106 (N.D. Cal. 2007) ……… 23

*Hrapoff v. Hisamitsu Am., Inc.*, No. 21-CV-01943-JST, 2022 WL
    2168076, at *2 (N.D. Cal. June 16, 2022) …………………………… 30

*In re Big Heart Pet Brands Litig.*, No. 18-CV-00861-JSW, 2019 WL
    8266869, at *5 (N.D. Cal. Oct. 4, 2019) …………………………… 14, 21

*In re Toyota RAV4 Hybrid Fuel Tank Litig.*, 534 F. Supp. 3d 1067,
    1101 (N.D. Cal. 2021) …………………………………………… 19 - 22, 28

*Karuk Tribe of Calif. v. U.S. Forest Serv.*, 681 F.3d 1006 (9th Cir. 2012) ….. 12

*Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir. 2009) …………………... 23

*Kowalsky v. Hewlett-Packard Co.*, No. 10-cv-02176-LHK, 2011
    WL 3501715, at *5 (N.D. Cal. Aug. 10, 2011) ………………………... 21

*Lam v. General Mills*, 859 F. Supp. 2d 1097, 1104 (N.D. Cal. 2012) ………. 18

*Laurens v. Volvo Cars of N. Am., LLC*, 868 F.3d 622 (7th Cir. 2017) ………. 13

*Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) ……….. 16

*Lazebnik v. Apple, Inc.*, No. 5:13-CV-04145-EJD, 2014 WL
    4275008, at *6 (N.D. Cal. Aug. 29, 2014) …………………………… 18

*Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) ………………….. 10

*LiMandri v. Judkins*, 52 Cal. App. 4th 326, 337) (Cal. Ct. App. 1997) ……… 19

*Mandani v. Volkswagen Grp. of Am., Inc.*, 2019 WL 652867, at *4
    (N.D. Cal. Feb. 15, 2019) ………………………………………… 28

*Martinez-Leander v. Wellnx Life Scis.*, Inc., No. CV 16-08220 SJO
    (EX), 2017 WL 2616918, at *6 (C.D. Cal. Mar. 6, 2017) …………… 29

*Mazza v. Am. Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012) ……………… 30, 31

*McKell v. Wash. Mut., Inc.*, 142 Cal. App. 4th 1457, 1473 (Cal Ct. App. 2006) .. 24

*McKinniss v. General Mills, Inc.*, 2007 WL 4762172, at *5 (C.D. Cal.
    Sept. 18, 2007) …………………………………………………… 27

- 5 -

*Melendres v. Arpaio*, 784 F.3d 1254, 1261-62 (9th Cir. 2015) ......................... 30

*Melgar v. Zicam LLC*, No. 2:14-cv-00160-MCE-AC, 2016 WL
    1267870, at *10 (E.D. Cal. Mar. 31, 2016) ...................................... 31

*Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989) ......... 22

*Obertman v. Electrolux Home Care Prod., Inc.*, 482 F. Supp. 3d 1017,
    1022 (E.D. Cal. 2020) ............................................................ 20

*Pan v. Master Lock Co., LLC*, No. 2:22-CV-08943-JLS-AS, 2023
    WL 4155418, at *3 (C.D. Cal. May 10, 2023) ................................ 11

*Phillips v. Ford Motor Co*., No. 14-cv-02989-LHK, 2016
    WL 693283, at *6 (N.D. Cal. Feb. 22, 2016) ................................ 15

*Piro v. Exergen Corp*., No. 15-CV-11834-DJC, 2016 WL 1255630, at *6
    (D. Mass. Mar. 29, 2016) ....................................................... 13

*Rattagan v. Uber Technologies, Inc.*, 19 F.4th 1188 (9th Cir. 2021)............ 26, 27

*Reynolds v. Lifewatch, Inc.,* 136 F. Supp. 3d 503, 5-1315
    (S.D.N.Y. 2015) .................................................................... 15

*Rice v. Kimberly-Clark Corp*., No. 21-cv-01519DADKJN,
    2022 WL 16804522, at *9 (E.D. Cal. Nov. 8, 2022) ......................... 24

*Robinson Helicopter Co. v. Dana Corp*., 34 Cal. 4th 979, 988 (2004)........... 26,27

*Roper v. Big Heart Pet Brands, Inc*., 510 F. Supp. 3d 903 (E.D. Cal. 2020) ... 25,29

*Rose v. Bank of America, N.A*., 57 Cal. 4th 390, 397-98 (Cal. 2013) .............. 25

*Rothschild v. Gen. Motors LLC*, No. 19-cv-05240-DLI-RLM, 2020 WL
    13581659, at *5 (E.D.N.Y. Sept. 30, 2020) ................................... 15

*Rubenstein v. Neiman Marcus Grp. LLC*, 687 F. App'x 564, 567 (9th Cir. 2017) .. 25

*Schroeder v. Hundley*, No. 17-CV-919 JLS (LL), 2021 WL 1792544,
    at *6 (S.D. Cal. Mar. 15, 2021) ................................................ 26

*Smith v. LG Elecs. U.S.A*., Inc., No. C 13–4361 PJH, 2014 WL
    989742, at *5 (N.D. Cal. Mar. 11, 2014) ..................................... 28

*Snyder v. TAMKO Bldg. Prod., Inc.*, No. 115CV01892TLNKJN,
    2018 WL 3241805, at *3 (E.D. Cal. July 2, 2018) .......................... 31

*Sugasawara v. Ford Motor Co*., 2019 WL 3945105, at *6
    (N.D. Cal. Aug. 21, 2019) ....................................................... 16

*Tait v. BSH Home Appliances Corp*., 2011 WL 1832941,at *2–3
    (C.D. Cal., May 12, 2011) .................................................. 21, 23

*Takeda Pharm. Co. Ltd*., 520 F. Supp. 3d at 1274 ............................... 22, 30

*Tomassini v. FCA U.S. LLC*, No. 3:14-CV-1226 MAD/DEP,
    2015 WL 3868343, at *7 (N.D.N.Y. June 23, 2015) ........................ 21

*United States v. MyLife.com, Inc*., 499 F. Supp. 3d 757 (C.D. Cal. 2020) ......... 22

*Williams v. Gerber Prods. Co*., 552 F.3d 934, 938 (9th Cir. 2008) ............... 18

*Winzler* [*v. Toyota Motor Sales, U.S.A., Inc*., 681 F.3d 1208, 1210
    (10th Cir. 2012)] ............................................................15, 16

MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS CLASS ACTION COMPLAINT FOR DAMAGES

1

## <u>INTRODUCTION</u>

2        Defendant Cosori sold more than two million air fryers that had defective wiring,

3  creating a severe risk of overheating and catching on fire (the "Products"). *See* ¶ 4.[1]

4  Cosori does not contest the wiring defect or Plaintiff's allegation that Cosori had at

5  least 205 reports of overheating, fire, injuries, and property damage before it eventually

6  recalled the defective Products. Mr. Tao, who bought one of the air fryers with the

7  defective wiring, alleges that Cosori began selling these dangerous air fryers in June

8  2018 and waited until February 2023 before initiating a recall that was plagued with

9  problems and that Cosori failed to refund the full purchase price to Mr. Tao and

10  thousands of other consumers who bought the Products.

11        In response to Mr. Tao's detailed allegations, Cosori suggests that the recall

12  somehow moots all the claims in this action for Mr. Tao and thousands of other

13  customers. Cosori, however, does not come forward with evidence showing that it has

14  refunded the entire purchase price for each defective air fryer. Nor does it contest that

15  it had received more than 200 reports of overheating, fire, injuries, and property

16  damage before it initiated a recall. Instead, it asks the Court to dismiss all the claims in

17  the action, asks the Court to resolve complicated class certification issues without the

18  benefit of discovery, and seems to want Mr. Tao to prove all his claims at this early

19  stage of the case, not to simply plead his claims. Cosori also supports its motion by

20  citing decisions that are factually and procedurally unlike this case. Cosori fails to meet

21  its heavy burden to show that the replacement recall provides the individual and class-

22  wide relief Mr. Tao seeks, and the Court should deny Cosori's Rule 12(b)(1) motion.

23        The Court also should deny Cosori's Rule 12(b)(6) motion because Cosori's

24  arguments distort and ignore applicable law as well as the Complaint's detailed factual

25  allegations. For the consumer protection and fraud claims, Mr. Tao plausibly alleges

26  actionable unlawful and unfair conduct; affirmative misrepresentations about the

27

28  [1]      "¶___" or "¶¶___" refers to paragraphs in the Complaint. Dkt. 1. Internal case
citations are omitted unless included.

Products being "safe," having "overheat protection," and an "automatic shutoff;" and actionable omissions concerning the Products' fire risk as well as Cosori's knowledge of and duty to disclose that risk. Mr. Tao pleads his claims with Rule 9(b) particularity where required, providing specific timing, quoting misrepresentations and omissions, detailing Mr. Tao's reliance on Cosori's advertising, and explaining precisely why Cosori's advertising was misleading.

For the warranty claims, Cosori's Amazon.com representations constitute actionable affirmations of fact creating an express warranty. Among other things, Cosori misrepresented that the Products had "overheat protection" when, in fact, the Products were at unreasonable risk of catching fire due to a wiring defect present at Mr. Tao's Product purchase. Moreover, Mr. Tao does not need to allege vertical privity for his implied warranty claim because he alleges reliance on Cosori's Amazon.com advertising.

Cosori's only independent challenge of the fraudulent misrepresentation/omission claim based on the "economic loss doctrine" likewise fails because, as set forth below, California law does not apply the economic loss doctrine to misrepresentation and fraudulent omissions claims, particularly where, as here, the defendant's fraud exposes the plaintiff to a risk of harm beyond economic losses.

The Court should also deny the portion of Cosori's motion seeking to dismiss Mr. Tao's nationwide class allegations. Those arguments are premature, and it is impossible at this early stage of the case, without discovery, to determine complex class certification and choice of law issues. Moreover, Mr. Tao plausibly alleges the possibility of nationwide certification by detailing that Cosori's corporate headquarters is in California, and that Cosori directed the misconduct and misrepresentations from California.

**FACTUAL ALLEGATIONS**

**I.    From June 2018 to February 2023, Cosori Misleadingly Promoted the Products and Omitted Material Information It Had a Duty to Disclose**

Cosori designed, manufactured, and sold the Products throughout the United States, Canada, and Mexico between June 2018 and December 2022. ¶ 29. Cosori promoted the Products' safety and advanced technology, including in statements provided and approved by Cosori on third-party websites like Amazon.com that the Products were "safe" and had "overheat protection" and "automatic shutoff" features. ¶ 32-37. Cosori made these express representations even while fully understanding (from internal and external sources, including 205 reports of fire, overheating, injuries, and property damage) and withholding information regarding a catastrophic wiring defect that caused fires and greatly jeopardized consumer safety. ¶¶ 40-61.

**II.    In February 2023, Cosori Finally Disclosed the Defect and Implemented a Grossly Inadequate Replacement Recall**

On February 23, 2023, Cosori recalled the Products, finally revealing the defect and informed consumers to immediately stop using the Products because a "wire connection in the air fryers can overheat, posing fire and burn hazards." ¶ 62. In recalling the Products, Cosori noted it "ha[d] received 205 reports of the air fryers catching fire, burning, melting, overheating and smoking. These include 10 reports of minor, superficial burn injuries and 23 reports of minor property damage." ¶ 63.

Cosori's recall did not provide refunds and was marred by widespread consumer complaints documenting Cosori's pattern and practice of delaying or denying exchanges. For example, on the Facebook group "Cosori air fryer recall is a JOKE!," 1,400 members reported Cosori's dilatory tactics, baseless denials of replacements, and defective replacement products, among other issues. Cosori fully understood that by implementing a complicated exchange process, very few impacted consumers would attempt to obtain and exchange their Products and even fewer consumers would successfully navigate the process. The Complaint alleges Cosori intentionally denied

refunds and structured its exchange process to minimize its financial exposure from its unfair and deceptive business practices and to pay only a small fraction of what Mr. Tao and the Class paid for their defective air fryers. ¶¶ 62-67.

Although Cosori claims it is working diligently to process replacements (*see* Liauw Decl., ¶ 7),[2] five months after its recall, Facebook and other online sources (including [BetterBusinessBureau].com) show that Cosori continues to delay replacements and engage in widespread delay tactics. Moreover, Cosori has quietly begun providing refunds to aggrieved customers who will no longer accept its delays and other unfair tactics.[3] Cosori's refunds demonstrate it cannot provide replacements and that Mr. Tao rightly pursues monetary relief for himself and the Class here.

**III.   Mr. Tao Purchased His Product Based on Cosori's Misleading Advertising**

Before he bought a defective Cosori air fryer in May 2019, Mr. Tao reviewed and relied on Cosori's misleading advertising and omissions, including misrepresentations on Amazon.com about the air fryers' safety and overheat protection. ¶¶ 19-20, 77-79. Cosori duped Mr. Tao into buying a worthless Product through unfair and deceptive business practices. ¶¶ 80-81.

<u>**ARGUMENT**</u>

**I.   The Court Should Deny Cosori's Rule 12(b)(1) Motion**

**A.   Standard of Review**

A Rule 12(b)(1) "'facial' attack accepts the truth of the plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). The Court accepts the plaintiff's

---

[2]   Cosori's declaration goes far beyond the limited purpose of a motion to dismiss and the Complaint's allegations by addressing the efficacy of Cosori's recall. *See* Liauw Decl., ¶¶ 5-7 Although Cosori purports to factually challenge standing, Cosori's untested and conclusory assertions do not contradict Mr. Toa's plausible allegations.

[3]   https://www.bbb.org/us/ca/anaheim/profile/online-shopping/cosori-1126-1000107717/complaints ("No worries, we can mail you a check; it just might take longer for it to be mailed out[.]") (last visited July 13, 2023).

allegations as true and draws all reasonable inferences in the plaintiff's favor to determine "whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Id*. Where a Rule 12(b)(1) motion consists of a factual challenge directed at the truth of the Complaint's factual allegations, "the plaintiff must support her jurisdictional allegations with 'competent proof,' under the same evidentiary standard that governs in the summary judgment context." *Id*. The plaintiff bears the burden of proving—by a preponderance of the evidence—that she meets each of the requirements for subject-matter jurisdiction, with one caveat: if the existence of jurisdiction turns on "disputed factual issues," then the court itself may resolve those factual disputes. *Id*.

### B.   Mr. Tao's Economic Losses Establish Article III Standing

"When . . . Plaintiffs contend that class members . . . bought [a product] when they otherwise would not have done so they have suffered an Article III injury in fact." *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1104 n.3, 1105 (9th Cir. 2013); *Pan v. Master Lock Co., LLC*, No. 2:22-CV-08943-JLS-AS, 2023 WL 4155418, at *3 (C.D. Cal. May 10, 2023) ("If a person purchases . . . a product that they otherwise would not have, the person has suffered an economic injury that satisfies . . . Article III[.]"); *Berke v. Whole Foods Mkt., Inc.*, No. 19-7471, 2020 WL 5802370, at *1, *8 (C.D. Cal. Sept. 18, 2020) (finding plaintiffs who paid a price premium had Article III standing).

Here, Mr. Tao's claim that the Product was worthless, and that Mr. Tao would not have purchased the Product had he known of the fire and overheating risk, conclusively establishes an injury-in-fact for Article III standing. ¶¶ 13, 20, 80, 120, 129, 172. The impact the recall has on Mr. Tao's standing, including whether the recall moots his claims, is a separate matter Mr. Tao addresses below in Sections I.C-I.E.

Moreover, Mr. Tao's claims are prudentially ripe. Mr. Tao seeks restitution and/or actual damages primarily in the form of a refund to remedy Cosori's misconduct, and Mr. Tao only indirectly challenges the efficacy of the recall to argue that it does not moot his claims. ¶¶ 122, 130, 151, 159, Prayer for Relief.[4] "Unlike constitutional

---

[4]   If the Court finds that Mr. Tao's CLRA claim is properly alleged, Mr. Tao has

ripeness, prudential ripeness recognizes that '[p]roblems of prematurity and abstractness may well present insuperable obstacles to the exercise of the Court's jurisdiction, even though that jurisdiction is technically present.'" *United States v. Vandewater Int'l Inc.*, No. 2:17-CV-04393-RGK-KS, 2020 WL 5372352, at *2 (C.D. Cal. July 21, 2020). Here, there is nothing premature or abstract about Mr. Tao's claims and prudential ripeness is not a proper avenue for dismissing the claims. Mr. Tao brings claims seeking a refund from Cosori, and Cosori contends he is not entitled to one. The parties' conflict is ready for judicial determination, and Cosori's ripeness argument has no merit given that Mr. Tao has no desire to participate in the recall.

## C.    Cosori Cannot Tactically Moot Mr. Tao's Article III Standing by Forcing Him to Accept a Replacement Remedy

The Supreme Court has repeatedly underscored that a case becomes moots "only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Campbell-Ewald Co. v. Gomez*, 577 U.S. 152, 161 (2016). "'[A] case is not moot if *any* effective relief may be granted,' and the party asserting mootness 'bears a heavy burden.'" *Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 990 (C.D. Cal. 2018) (citing *Karuk Tribe of Calif. v. U.S. Forest Serv.*, 681 F.3d 1006, 1017 (9th Cir. 2012)).

The Ninth Circuit and courts within the Ninth Circuit have repeatedly spurned similar attempts to tactically moot a plaintiff's claims and deprive an opportunity to seek class certification. Most notably, in *Chen v. Allstate*, 819 F.3d 1136 (9th Cir. 2016), the Ninth Circuit rejected the defendant's attempt to deposit $20,000 in escrow and agree to an injunction to moot the plaintiff's individual TCPA claims, instead stating that "an unaccepted offer to satisfy the named plaintiff's individual claim is insufficient to 'render a case moot when the complaint seeks relief on behalf of the plaintiff and a class of persons similarly situated.'" *Id.* at 1140-41. The Ninth Circuit further stated that "a would-be class representative with a live claim of her own must

---

provided Cosori with the statutorily required notice and would amend the Complaint to seek actual damages under the CLRA. *See* ¶¶ 137-39.

1    be accorded a fair opportunity to show that certification is warranted." *Id.* at 1147.

2          Courts, relying on *Campbell-Ewald* and *Chen*-like Article III principles, have

3    concluded that a plaintiff's claims were not rendered moot by a refusal to accept a

4    replacement product, participate in a recall, or accept refunds. For example, in *In re*

5    *Mattel*, 588 F. Supp. 2d 1111 (C.D. Cal. 2008), the defendant argued that a voluntary

6    replacement program pursuant to Consumer Product Safety Commission ("CPSC")

7    regulations preempted a state law reimbursement remedy and deprived the plaintiff of

8    standing. *Id.* at 1115-17. The Court rejected this argument, stating:

9                 [U]nilateral offering of a remedy by a defendant does not
10                change the fact that a plaintiff has been injured. The Court
                  knows of no authority for the proposition that a defendant
11                can defeat a plaintiff's claim on standing grounds through the
                  unilateral offering of a remedy of the defendant's choosing.
12

13   *Id.* at 1117; *see also Adam v. Barone*, 41 F.4th 230, 235 (3d Cir. 2022) (confirming that

14   a plaintiff's rejection of a defendant's pre-litigation refund offer does not impact

15   standing.); *Laurens v. Volvo Cars of N. Am., LLC*, 868 F.3d 622, 627 (7th Cir. 2017)

16   (same); *Piro v. Exergen Corp.*, No. 15-CV-11834-DJC, 2016 WL 1255630, at *6 (D.

17   Mass. Mar. 29, 2016) ("Open questions as to the adequacy of Exergen's self-designed

18   corrective measures preclude the Court from concluding, as a matter of law, that

19   Exergen has addressed the Named Plaintiffs and the Putative Class Members' injury in

20   full."); *Potts v. Johnson & Johnson Consumer Inc.*, No. CV 20-10406 (FLW), 2021

21   WL 2177386, at *7 (D.N.J. May 28, 2021) ("As a general matter, a plaintiff's failure to

22   seek or accept a refund does not preclude standing.").

23          Here, Cosori's attempt to use its inadequate replacement recall as means to

24   scuttle Mr. Tao's class action is a careful tactic designed to moot Mr. Tao's claims. At

25   the outset, Cosori's replacement does not fully remedy Mr. Tao's claims, including

26   providing an injunction requiring Cosori to provide refunds to the Class and attorneys'

27   fees and costs. *See* Prayer for Relief. For the Class claims, compelling questions of fact

28   regarding the efficacy and sincerity of the Cosori recall, and the type and scope of the

relief it provides, militates against a finding of mootness at this preliminary stage of the case. Mr. Tao is not being unduly obstinate by refusing Cosori's voluntarily chosen replacement remedy;[5] instead, as permitted by *Chen* and similar cases, Mr. Tao is entitled to pursue his claims and show that class certification is warranted because he has not obtained full relief for his individual and Class claims.[6]

### D.   Mr. Tao's Claims Are Not Prudentially Moot

Perhaps recognizing that Mr. Tao's claims are not constitutionally moot, Cosori argues that Mr. Tao's claims are prudentially moot, a premature and mistaken assertion given the persistent failure of Cosori's recall and the CPSC's limited involvement in that process. "'The Ninth Circuit has never adopted or rejected the doctrine of prudential mootness,' but some courts within the Circuit have applied it." *In re Big Heart Pet Brands Litig.*, No. 18-CV-00861-JSW, 2019 WL 8266869, at *5 (N.D. Cal. Oct. 4, 2019). "When a court evaluates whether a case is prudentially moot, it should be guided by a 'sense of basic fairness.' It also may consider whether the challenged conduct could be repeated or would not provide the requested relief." *Id*.

Critically, a Court should not determine that a case is prudentially moot where, as here, there is uncertainty regarding the efficacy of a recall or the breadth of government oversight. In *In Re Heart Brands Litig.*, the court denied the defendant's

---

[5]    "To be sure, a court has discretion to halt a lawsuit by entering judgment for the plaintiff when the defendant unconditionally surrenders and only the plaintiff's obstinacy or madness prevents her from accepting total victory. But the court may not take that tack when the supposed capitulation in fact fails to give the plaintiff all the law authorizes and she has sought." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 85 (2013) (Kagan, J., dissenting).

[6]    Cosori misconstrues Mr. Tao's recall challenge as an attempt to "piggyback" standing. *See* Cosori Br. at 16. That argument fails because Mr. Tao's injury-in-fact and Article III standing, even considering his refusal to accept the replacement remedy, are incontrovertible under prevailing constitutional law. It is Cosori's heavy burden to show that the recall moots Mr. Tao's claims by providing complete individual and class-wide relief (a burden it has not come close to meeting). Mr. Tao only highlights the recall's gross deficiencies to oppose Cosori's attempt at that showing.

prudential mootness argument for that very reason, finding:

> It is not clear that the FDA's involvement in the recall of Defendant's Products involves the same type of oversight at issue in *Winzler* [*v. Toyota Motor Sales, U.S.A., Inc.*, 681 F.3d 1208, 1210 (10th Cir. 2012)] and *Ch[e]ng* [*v. BMW of N. Am., LLC*, No. 12-cv-09262, 2013 WL 3940815, at *2-4 (C.D. Cal. July 26, 2013). Therefore, the Court cannot conclusively determine that it would be treading upon the feet of a coordinate branch of government.

*Id.* at *6; *see also Rothschild v. Gen. Motors LLC*, No. 19-cv-05240-DLI-RLM, 2020 WL 13581659, at *5 (E.D.N.Y. Sept. 30, 2020) ("Although the Special Coverage Adjustment offers reimbursement and repairs . . . , it does not offer the complete remedy that Plaintiff seeks.") (collecting cases); *Phillips v. Ford Motor Co.*, No. 14-cv-02989-LHK, 2016 WL 693283, at *6 (N.D. Cal. Feb. 22, 2016) (denying motion to dismiss for prudential mootness where request for relief exceeded scope of relief provided by recall and plaintiffs demonstrated "cognizable danger that recall may fail to provide the relief promised"); *see also See Reynolds v. Lifewatch, Inc.,* 136 F. Supp. 3d 503, 5-1315 (S.D.N.Y. 2015). ("[T]he extent to which the refund campaign has fully compensated . . . the putative class members is an open question.").

Here, Mr. Tao has made a strong showing that Cosori's replacement remedy recall is in disarray and Cosori has even started providing refunds rather than replacements. Moreover, Cosori's suggestion that the CPSC is maintaining strict involvement in Cosori's voluntary recall warranting judicial abstention is unsubstantiated and far from accurate. As the Court noted in *In re Mattel*, "[t]he CPSC regulations at issue explicitly state that actions taken in a voluntary corrective action plan have 'no legally binding effect[.]'" 588 F. Supp. 2d at 1115. Although the CPSC may ultimately seek broader corrective action, Cosori has made no showing that CPSC intends or has threatened Cosori with broader remedies for its recall failings, and even if the CPSC ultimately seeks to impose a refund remedy, it is speculative to assume that process will be successful. 15 U.S.C. § 2073 (allowing court challenge of CPSC

1  order). The statutory regime governing the CPSC even states that any CPSC remedy is
2  in addition to and does not foreclose state law remedies. *Id.* at §§ 2072(c); 2074(a).
3  Therefore, the Court should not find that this case is prudentially moot.[7]

4  **E.    The Court Should Permit Jurisdictional Discovery Before Dismissing**
5  **        Mr. Tao's Action Under Rule 12(b)(1)**

6  Cosori's Rule 12(b)(1) motion hinges on its untested assertion that it "has
7  worked diligently to assist consumers with the process and to ensure that all Product
8  owners receive a remedy with which they are satisfied," a hollow claim that directly
9  contradicts widespread consumer complaints and Mr. Tao's well-pleaded factual
10 allegations regarding the shambolic nature of Cosori's recall. *Compare* Laiuw Decl., ¶
11 7 *with* ¶¶ 65-70. To the extent that the Court has questions about jurisdictional issues,
12 the Court should allow Mr. Tao to complete jurisdictional discovery before
13 determining the recall provides complete relief to Mr. Tao and thousands of other
14 consumers under Article III's exacting standards.

15 Where jurisdictional facts are in dispute, "[a] district court is vested with broad
16 discretion to permit or deny [jurisdictional] discovery." *Branzell v. California*
17 *Cryobank LLC*, No. 2:19-CV-10745-VAP-EX, 2020 WL 8410434, at *4 (C.D. Cal.
18 Oct. 19, 2020) (citing *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir.
19 2003)). "A court ordinarily should grant discovery 'where pertinent facts bearing on
20 the question of jurisdiction are controverted or where a more satisfactory showing of

---

21 [7]    Cosori's authority is distinguishable because in those cases the recalls provided
22 the relief sought by the plaintiffs; there was no reason to doubt the recall; or because
23 courts did not consider the *Campbell-Ewald* Article III framework. *E.g.*, *Winzler v.*
   *Toyota Motor Sales USA*, 681 F.3d 1208, 2019 (10th Cir. 2012) ) (providing the exact
24 relief sought by the plaintiff in the case, a recall and repair of the product defect at
25 issue); *Charlton v. LG Energy Sol. Mich., Inc*., 2023 WL 1420726  (S.D. Cal. Jan. 31,
   2023) (no analysis of *Campbell-Ewald*); *Elkins v. Am. Honda Motor Co*., 2020 WL
26 4882412, at *1 (C.D. Cal. July 20, 2020) (unlike Cosori's failed recall, the efficacy of
27 defendant's extended warranty program was uncertain; *Sugasawara v. Ford Motor Co*.,
28 2019 WL 3945105, at *6 (N.D. Cal. Aug. 21, 2019) ("Plaintiffs have not demonstrated
   'a cognizable danger that the statutory recall process will fail.'").

the facts is necessary.'" *Branzell*, 2020 WL 8410434, at *4. "In fact, denial of jurisdictional discovery constitutes an abuse of discretion when further discovery 'might well demonstrate facts sufficient to constitute a basis for jurisdiction.'" *Id.*

Here, Mr. Tao plausibly alleges that Cosori's recall is not in good faith but rather is one component of Cosori's design to defray liability by providing: (1) a pretext to deny refunds and delay or deny replacements, and (2) a tool Cosori wrongly believes it can exploit to tactically moot claims. ¶¶ 65-70.[8] Mr. Tao's allegations are not speculative but are supported—in fact—by hundreds, if not thousands, of complaints on Facebook.com and other online sources deriding the recall and Cosori's improper tactics. For example, on BBB.com, Cosori currently sits at a one star, C rating based on thirty-two one-star customer reviews and 126 customer complaints primarily directed at the inadequate recall.[9] Even where Cosori has provided replacements, consumers report receiving defective or noncomparable Products; only receiving a replacement after undue delay or repeated attempts to contact Cosori; or only receiving replacements after contacting Cosori via Facebook messenger (presumably due to Cosori's fear of the "Cosor air fryer recall is a JOKE" group). Consumers are also reporting that Cosori has begun providing refunds after failing to provide replacements.

Based on those circumstances, the Court should require Cosori to reveal its cards on the efficacy of the recall (including Cosori's notice efforts; total claims received out of the 2.25 million units; total claims paid compared to the sales price; as well as claims received versus claims resolved or rejected) rather than allow Cosori to escape liability based on unsupported and vague claims of diligence.

---

[8]     Consistent with this plan, Cosori—holding itself out as "Lin Yang"—provided a post-litigation refund check (dated April 18, 2023) to Plaintiff Finch. Plaintiff Finch—who did not realize the check related to Cosori or this litigation—cashed the check without consulting her undersigned attorneys. On May 19, 2023, Plaintiff Finch voluntarily dismissed her claims. Dkt. 26.

[9]   https://www.bbb.org/us/ca/anaheim/profile/online-shopping/cosori-1126-1000107717.

1  **II.   The Court should Deny Cosori's Rule 12(b)(6) Motion**

2        **A.   Standard of Review**

3        A court should deny a motion to dismiss under Rule 12(b)(6) when the plaintiff

4  pleads factual content that allows "the court to draw the "reasonable inference that the

5  defendant is liable for the misconduct alleged." *BCS Bus. Consulting Servs. Pte. Ltd.*

6  *v. Baker,* No. 19-cv-06914J-WHJ-PRX, 2022 WL 1134706, at *1 (C.D. Cal. Mar. 23,

7  2022). When deciding the motion, "[a]ll allegations of material fact are taken as true

8  and construed in the light most favorable to the nonmoving party." *Id.*

9        **B.   Mr. Tao Plausibly Alleges Affirmative Misrepresentations and**

10            **Actionable Omissions by Cosori for His Fraud-Based Claims**

11        Mr. Tao details affirmative misrepresentations by Cosori that provide a basis for

12  his fraud-based claims, including his consumer protection claims. UCL, FAL, and

13  CLRA fraud-based claims are governed by the "reasonable consumer test" which asks

14  whether "members of the public are likely to be deceived." *See Williams v. Gerber*

15  *Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (applying the reasonable consumer test

16  to FAL, CLRA, and UCL claims). "[T]hese laws prohibit 'not only advertising which

17  is false, but also advertising which[,] although true, is either actually misleading or

18  which has a capacity, likelihood or tendency to deceive or confuse the public.'"

19  *Lazebnik v. Apple, Inc.*, No. 5:13-CV-04145-EJD, 2014 WL 4275008, at *6 (N.D. Cal.

20  Aug. 29, 2014); *Lam v. General Mills*, 859 F. Supp. 2d 1097, 1104 (N.D. Cal. 2012)

21  ("A reasonable consumer might make certain assumptions about the type and quantity

22  of fruit in the Fruit Snacks based on the statement "made with real fruit[.]"). "[W]hether

23  a business practice is deceptive will usually be a question of fact not appropriate for

24  decision on demurrer." *Williams*, 552 F.3d at 938.

25        Here, Mr. Tao alleges that, even while Cosori understood that the Products were

26  at substantial risk of catching fire and was receiving hundreds of reports of fire and

27  injury, Cosori promoted the Products' "overheat protection" and "automatic shutoff

28  features," including in statements made by Cosori on Amazon.com. ¶ 5, 33-36.

Contrary to Cosori's representations, and as demonstrated by the February 2023 recall and reports of fires and overheating, the Products could not be used for any purpose, could not adequately regulate temperature, and were at unreasonable risk of overheating despite the purported overheat protection and automatic shutoff features. ¶ 38. Those allegations state an affirmative misrepresentation claim.

Mr. Tao also alleges actionable omission. For an omission to be actionable under California law, it must either be contrary to a representation made, or a fact the defendant was obliged to disclose. *See In re Toyota RAV4 Hybrid Fuel Tank Litig.*, 534 F. Supp. 3d 1067, 1101 (N.D. Cal. 2021). A duty to disclose arises when: (1) the defendant has exclusive knowledge of material facts not known to the plaintiff; (2) when the defendant actively conceals a material fact from the plaintiff; and (3) when the defendant makes partial representations but also suppresses some material facts. *Falk v. General Motors Corp.*, 496 F. Supp. 2d 1088, 1095 (N.D. Cal. 2007) (quoting *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 337) (Cal. Ct. App. 1997)).[10]

Here, Mr. Tao alleges that Cosori failed to disclose that the Products posed a risk of fire or burning and that Cosori had received 205 reports of Products catching fire and overheating, including thirty-three reports of burn injuries and property damage. ¶¶ 6, 39. Moreover, Mr. Tao details that Cosori's omissions were contrary to representations Cosori made and that Cosori had a duty to disclose based on its superior knowledge, active concealment of the fire risks, and partial representations. ¶¶ 56-61. Mr. Tao's allegations support omission-based fraud claims.

---

[10] Some courts additionally require that the omission either (1) relate to an unreasonable safety hazard or (2) be central to the product's function. *See Forrett v. Gourmet Nut Inc.*, No. 22-CV-02045-BLF, 2023 WL 3749556, at *7 (N.D. Cal. June 1, 2023). If that requirement applies here, Mr. Tao alleges the fire risk defect is material to the central function of the Products and concerns an unreasonable safety hazard. *See, e.g.*, ¶ 5 ("[T]he Products posed an unreasonable risk of fire and burning, as Cosori admitted when recalling the air fryers."); ¶ 61 ("[Cosori]'s misrepresentations and omissions were material because consumers are highly concerned with Product risks, including fire risk, that could cause bodily injury or death[.]").

**C.    Mr. Tao Plausibly Alleges Cosori's Pre-Purchase Knowledge for His Fraud Based Claims**

Mr. Tao alleges a plausible inference of Cosori's actual knowledge of the fire risk defect prior to Mr. Tao's May 2019 purchase, as well as Cosori's duty and failure to disclose that risk. *See* ¶¶ 5-8, 40-61. While Rule 9(b) requires particularity, defendant's knowledge of the true facts underlying fraudulent conduct may be alleged generally. *See* Fed. R. Civ. P 9(b); *In re Toyota RAV4 Hybrid Fuel Tank Litig.*, 534 F. Supp. 3d 1067, 1099 (N.D. Cal. 2021) ("Again, although Rule 9(b) imposes a higher pleading standard than Rule 8, it specifically provides that 'intent, knowledge, and other conditions of a person's mind may be alleged generally.' This relaxed standard allows Plaintiffs to plead exclusive knowledge through the somewhat generalized allegations in the complaint."); *Obertman v. Electrolux Home Care Prod., Inc.*, 482 F. Supp. 3d 1017, 1022 (E.D. Cal. 2020) ("[D]efendant's 'knowledge need only be alleged generally, with non-conclusory, plausible allegations.'").

Here, Cosori had knowledge of the fire risk defect as early as June 2018, when Cosori began selling the Products and a time well before Mr. Tao's May 2019 Product Purchase. ¶¶ 2, 5-8, 30, 48-5, 64. Mr. Tao alleges Cosori's sophistication and internal quality assurance measures; the readily apparent and catastrophic design and/or manufacturing issue with the Products from inception, including the use of aluminum wiring and faulty wire connections to the heating element; as well as the breadth of the recall which involved over two million units. ¶¶ 40-41, 44-50. While those allegations alone suffice to establish Cosori's pre-May 2019 knowledge, Mr. Tao alleges that Cosori received <u>205 reports</u> of air fryers overheating or catching fire, including <u>33 reports</u> of injuries and property damage; Cosori's motive to conceal the fire risk defect; and the necessity of regulatory intervention. ¶ 4, 9, 52-60. All told, Cosori knowingly cut corners when designing and manufacturing the Products, placing consumers in substantial danger even while reports were pouring in that air fryers were causing fires, and Mr. Tao plausibly alleges Cosori's pre-purchase knowledge of the fire risk.

Courts deny motions to dismiss based on allegations simile to the allegations Mr. Tao makes here. *see In re Big Heart Pet Brands Litig.*, 2019 WL 8266869, at *20 ("Defendant's pre-release testing included a laboratory analysis of ingredients . . . . Plaintiffs also rely on incidents about contaminated meat products from Defendant's supplier[.]"); *Beyer v. Symantec Corp.*, 333 F. Supp. 3d 966, 981 (N.D. Cal. 2018) ("Symantec designed and produced the software in question. It plausibly follows from this fact that Symantec knew how the Second Software functioned, including that the software unpacked potentially malicious files[.]"); *Tomassini v. FCA U.S. LLC*, No. 3:14-CV-1226 MAD/DEP, 2015 WL 3868343, at *7 (N.D.N.Y. June 23, 2015) ("[T]he fact that nearly one hundred and thirty consumers filed complaints . . . and the fact of Transport Canada opening an investigation . . . constitute additional circumstantial evidence of Defendant's knowledge."); *Kowalsky v. Hewlett-Packard Co.*, No. 10-cv-02176-LHK, 2011 WL 3501715, at *5 (N.D. Cal. Aug. 10, 2011) ("[T]he testing here, coupled with the consumer complaints, raises a reasonable inference that HP was aware[.]"); *Tait v. BSH Home Appliances Corp.*, SACV 10-00722, 2011 WL 3941387, at *2 (C.D. Cal. Aug. 31, 2011) ("Plaintiffs aver that Defendant, both from first-hand experience and consumer complaints, knew of the machines' defects[.]"); *In re Toyota Motor Corp.*, 754 F. Supp. 2d at 1174 ("Plaintiffs allege . . . Toyota . . . knew about the material safety considerations through its own testing, dealership repair orders, and various other sources.'").

Cosori ignores and distorts Mr. Tao's allegations in its motion, disingenuously arguing that the Complaint only sets forth a "'bare and cryptic' allegation that Cosori was aware of the alleged defect 'at least as early as the beginning of the Class Period.'" Cosori Br. at 20. As an initial consideration, Cosori's argument omits that Mr. Tao alleges that Cosori knew of the patently obvious fire risk defect in June 2018 (that is, as soon as the Products went to market), not at some unknown time before the Class Period. ¶¶ ¶ 4, 9, 52-60. Moreover, when viewed in totality and in the light most favorable to Mr. Tao (as they must), the knowledge-directed allegations—including

Cosori's sophistication and internal controls, the readily apparent nature of the Products' faulty wiring, and consumer reports of fire and injury—are detailed and comfortably meet Mr. Tao's notice pleading burden under Rule 8.

The Court should also reject Cosori's attempt to exploit its exclusive knowledge of the timing of fire and injury reports. Cosori Br. at 20-21. In certain scenarios, including instances of corporate fraud, Rule 9(b) "may be relaxed as to matters within the opposing party's knowledge." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989); *United States v. MyLife.com, Inc.*, 499 F. Supp. 3d 757, 761 (C.D. Cal. 2020) (same). Here, Cosori does not argue that it did not receive fire and damage reports prior to May 2019, only that Mr. Tao does not specify that Cosori received those reports prior to May 2019. The Court should not dismiss the claims because Cosori has shrewdly withheld information regarding when it received reports, *i.e.*, details only Cosori can identify. Instead, the Court should reasonably infer, based on the volume of reports Cosori received, that Cosori received fire and overheating reports prior Mr. Tao's May 2019 purchase and allow the claims to proceed.

### D.    Mr. Tao Alleges His Fraud-Based Claims with Particularity

Under Rule 9(b), "allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged[.]" *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001). It "does not require absolute particularity or a recital of the evidence. [A] complaint need not allege 'a precise time frame,' 'describe in detail a single specific transaction' or identify the 'precise method' used to carry out the fraud." *United States v. MyLife.com, Inc.*, 499 F. Supp. 3d 757, 761 (C.D. Cal. 2020). "'[A] fraud by omission claim can succeed without the same level of specificity required by a normal fraud claim' since plaintiffs in such cases 'will not be able to specify the time, place, and specific content of an omission as precisely as would a plaintiff' in an affirmative misrepresentation case." *In re Toyota RAV4 Hybrid Fuel Tank Litig.*, 534 F. Supp. 3d at 1081 (N.D. Cal. 2021). A plaintiff must plead "the who, what, when, where, and how" of the

misconduct. *Painters & Allied Trades Dist. Council 82 Health Care Fund v. Takeda Pharm. Co. Ltd*., 520 F. Supp. 3d 1258, 1265 (C.D. Cal. 2021) (Holcomb, J.).

Here, Mr. Tao alleges his claims with requisite particularity. Mr. Tao precisely alleges Cosori's misstatements and omissions (including affirmative representations regarding safety and overheat protection); when and where it made or approved and provided those statements (June 2018 to the present on Amazon.com and other specifically identified sources); and describes in detail how Cosori's misrepresentations and omissions were deceptive based on internal and external information available and known to Cosori. ¶¶ 5-8, 19-20, 29-61.[11] Mr. Tao also provides the date and location of his purchase (May 2019 on Amazon.com) and that he relied on Cosori's Amazon.com representations and omissions when purchasing and using the Product. ¶¶ 78-80. As a result, the Complaint provides Cosori with enough factual detail to defend against the claims as required by Rule 9(b); *See Delacruz v. Cytosports*, No. 11-3532 (Dkt. 48), 2012 WL 256387, at *9 (N.D. Cal June 28, 2012) ("She had plead that she 'saw and relied' on the alleged misrepresentations on the website in deciding to purchase the products.").

Cosori again improperly distorts the Complaint, as well as Rule 9(b)'s requirements, in its bid for dismissal. Cosori Br. at 21-22. Most glaringly, Cosori contends that Mr. Tao does not "not identify the specific marketing materials he purports to quote, allege when and where he saw them or which particular statement influenced his purchasing decision, or how each statement is untrue or misleading in the context of the (unidentified) material." *Id.* at 22. Contrary to Cosori's argument, Mr. Tao specifically alleges that he "reviewed the Product's Amazon.com webpage

---

[11]    Cosori's cited cases are distinguishable because they do not include Mr. Tao's level of detail. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 567 F.3d at 1125–26 (9th Cir. 2009) (The plaintiff did not allege what the advertising materials stated, among other glaring ); *Tait v. BSH Home Appliances Corp*., 2011 WL 1832941,at *2–3 (C.D. Cal., May 12, 2011) (same); *Hoey v. Sony Elec., Inc*., 515 F. Supp. 2d 1099, 1106 (N.D. Cal. 2007) (insufficient conclusory allegations).

that included representations approved and provided by [Cosori]" and describes exactly how Cosori's conduct was deceptive, including when Cosori knew the Products could cause fires and how it understood that risk. ¶¶ 19-20, 29-61, 77-81. The Court should reject Cosori's disingenuous Rule 9(b) argument.

### E.     Mr. Tao Alleges Claims Under the Unfair and Unlawful UCL Prongs

Mr. Tao alleges that Cosori violated the unfair prong of the UCL. ¶¶ 8, 106-10. Courts employ a multi-factor test to determine whether a business practice is "unfair," considering:

> (1) [W]hether the challenged conduct is tethered to any underlying constitutional, statutory or regulatory provision, or that it threatens an incipient violation of an antitrust law, or violates the policy or spirit of an antitrust law; (2) whether the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers; or (3) whether the practice's impact on the victim outweighs the reasons, justifications and motives of the alleged wrongdoer.

*Battle v. Taylor James, LLC*, 607 F. Supp. 3d 1025, 1044–45 (C.D. Cal. 2022) (citing *Doe v. CVS Pharmacy, Inc.*, 982 F.3d 1204, 1214-15 (9th Cir. 2020)). "This standard is intentionally broad, thus allowing courts maximum discretion to prohibit new schemes to defraud." *Id.* Determining whether a practice is unfair is a fact-intensive inquiry and cannot usually be made on a motion to dismiss. *See Rice v. Kimberly-Clark Corp.*, No. 21-cv-01519DADKJN, 2022 WL 16804522, at *9 (E.D. Cal. Nov. 8, 2022) (citing *McKell v. Wash. Mut., Inc.*, 142 Cal. App. 4th 1457, 1473 (Cal Ct. App. 2006)).

In this case, Mr. Tao alleges the unfair nature of Cosori's business practices while marketing and selling the Products. Cosori knew of and ignored the fire risk and manufactured and placed into the stream of commerce two million unreasonably dangerous Products susceptible to catching fire and causing physical injury and property damage. ¶¶ 8, 108-09. Cosori's misconduct was tethered to underlying statutory and regulatory violations; offended publicly; and was unfair and substantially injurious to Mr. Tao and the Class. Cosori's misconduct far outweighed any

countervailing benefits to consumers or competition, and Mr. Tao and the Class suffered injuries that could not be avoided because of Cosori's subterfuge. ¶ 110. Mr. Tao's allegations state an unfair UCL claim, especially as a matter of pleading.[12]

Mr. Tao also alleges a violation of the UCL's unlawful prong. As an initial matter, Mr. Tao alleges violations of the FAL and CLRA, establishing predicate statutory violations. *See Roper v. Big Heart Pet Brands, Inc*., 510 F. Supp. 3d 903, 922 (E.D. Cal. 2020) (collecting cases). Moreover, despite what Cosori argues, violation of Section 5 of FTC Act—which broadly prohibits ''unfair or deceptive acts or practices in or affecting commerce'' (15 U.S.C. Sec. 45(a)(1))—can form the basis of an "unlawful" UCL claim. *See Rubenstein v. Neiman Marcus Grp. LLC*, 687 F. App'x 564, 567 (9th Cir. 2017) ( "And, although the FTC Guides do not provide a private civil right of action, "[v]irtually any state, federal or local law can serve as the predicate for an action under [the UCL]."); *see also Rose v. Bank of America, N.A*., 57 Cal. 4th 390, 397-98 (Cal. 2013) (allowing UCL claim based on violation of Truth in Savings Act, which does not have private right of action).[13]

## F.   The Economic Loss Doctrine Does Not Bar Mr. Tao's Fraud Claim

Mr. Tao's common law fraud claims do not arise from the limited warranty and are thus not barred by the economic loss doctrine, a conclusion supported by Cosori's

---

[12]   Cosori largely ignores the relevant test for alleging an "unfair" UCL business practice, focusing instead on Mr. Tao's supposed "fail[ure] to adequately allege a statute or any 'legislatively declared policy' whose violation would serve as the basis for liability." Cosori Br. at 23-24. However, innumerable statutes and regulations focus on protecting and informing consumers, including the FAL, UCL, CLRA, and FTC, which Mr. Tao plausibly alleges Cosori violated. Furthermore, Mr. Tao alleges unfair practices based on the other relevant factor without related statutory violations.

[13]   Cosori relies on *Schmitt v. SN Servicing Corp*., 2021 WL 3493754, at *10 (N.D. Cal. Aug. 9, 2021) for the proposition that the FTC Act cannot provide the basis for an "unlawful" UCL claim. However, the *Schmitt* court later reversed that finding, instead concluding that a predicate FTC Act violation could support an "unlawful" UCL claim, relying on *Rubinstein* and *Rose*. *See* No. 21-CV-03355-WHO, 2021 WL 5279822, at *5 (N.D. Cal. Nov. 12, 2021).

own primary authority—*Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004). There, the Supreme Court of California stated that the economic loss doctrine does not apply where "the duty that gives rise to tort liability is either completely independent of the contract or arises from conduct which is both intentional and intended to harm." *Id.* at 990. The *Robinson* court found that the economic loss rule did not bar a helicopter manufacturer's intentional misrepresentation claims because those claims were based on the issuance of false certificates of compliance, conduct that was independent of the contract. *Id.* at 991.

Based on *Robinson*, courts applying California law have consistently determined that claims for fraudulent misrepresentation and omission are not barred by the economic loss doctrine where the fraudulent conduct is separate from the contract or could lead to personal damages independent of economic losses. *See, e.g.*, *Dhital v. Nissan N. Am., Inc.*, 84 Cal. App. 5th 828, 843 (Cal. Ct. App. 2022), *petition for review granted*, 523 P.3d 392 (Cal. Feb. 1, 2023) ("[T]he economic loss rule does not bar plaintiffs' claim here for fraudulent inducement by concealment."); *Schroeder v. Hundley*, No. 17-CV-919 JLS (LL), 2021 WL 1792544, at *6 (S.D. Cal. Mar. 15, 2021) ("[T]he Court finds that Plaintiffs' claim for fraudulent misrepresentation is not barred by the 'economic loss doctrine.'"); *Hastings v. Ford Motor Co.*, No. 19-CV-02217-BAS-MDD, 2020 WL 12688367, at *5 (S.D. Cal. Oct. 2, 2020) ("Ford Motor Company's intentional omission of a known safety defect . . . exposed him to the risk of accident, injury, and personal liability that he did not voluntarily assume."); *NuCal Foods, Inc. v. Quality Egg* LLC, 918 F. Supp. 2d 1023, 1032–33 (E.D. Cal. 2013) ("In short, the 'economic loss rule is designed to limit liability in commercial activities that negligently or inadvertently go awry, not to reward malefactors who affirmatively misrepresent and put people at risk.'").[14]

---

[14]    While courts generally recognize that *Robinson Helicopter* exempts fraudulent misrepresentation claims, some courts have reached the opposite conclusion regarding fraudulent omission claims, with the Ninth Circuit recently certifying the issue to the California Supreme Court. *Rattagan v. Uber Technologies, Inc.*, 19 F.4th 1188, 1192-

Here, Cosori cannot reasonably argue that that the limited warranty provides the basis for Mr. Tao's claims given that the Complaint does not reference the limited warranty and Mr. Tao's fraud claim is based on misrepresentations and omissions separate from the terms of the limited warranty. ¶¶ 33-36, 162-170. Moreover, under *Robinson*, Mr. Tao's fraud claim is not barred by the economic loss rule because it involves affirmative misrepresentations, and because Cosori's misrepresentations and omissions exposed Mr. Tao to the risk of "accident, injury, and personal liability that he did not voluntarily assume." *See Hastings*, 2020 WL 12688367, at *5.

**G.   Mr. Tao Plausibly Alleges His Warranty Claims**

**1.   Plaintiff Plausibly Alleges an Express Breach Warranty Claim**

"In order to establish an express warranty, a plaintiff must demonstrate that defendant's statements of fact or opinion were the basis of the agreement of the parties." *McKinniss v. General Mills, Inc.*, 2007 WL 4762172, at *5 (C.D. Cal. Sept. 18, 2007); Cal. Com. Code § 2313(1)(b). Generally, whether a representation is a promise or description is a question of fact unsuited for dismissal under California law. *Ashton v. J.M. Smucker Co.*, No. EDCV20992JGBSHKX, 2020 WL 8575140, at *11 (C.D. Cal. Dec. 16, 2020) (citing *McDonnell Douglas Corp. v. Thiokol Corp.*, 124 F.3d 1173, 1176 (9th Cir. 1997)).[15]

Here, Mr. Tao specifies the terms of Cosori's express warranties, including that his Product had "overheat protection," "automatic shutoff" and that the Product was safe. ¶¶ 33-24. Cosori ignores these verbatim recitations of its express affirmations to obtain dismissal. *See* Cosori Br. at 25. Moreover, Cosori's misrepresentation that the Product was "safe" is actionable and does not constitute puffery. *Hernandez v. Radio Sys. Corp.*, No. EDCV221861JGBKKX, 2023 WL 2629020, at *4-5 (C.D. Cal. Mar.

---

3 (9th Cir. 2021). According to publicly available docket information, the *Rattagan* state court appeal is fully briefed but has yet to be argued.

[15]   Mr. Tao again disputes Cosori's assertion that he fails to plead reliance on Cosori's warranty representation for the same reasons discussed in Mr. Tao's opposition to Cosori's Rule 9(b) particularity argument. *See* Section II.D, above.

9, 2023) ("Defendant's representations of safety are precisely the kind of 'factual assertions' about product attributes upon which a reasonable consumer may rely . . . in deciding the purchase the Products. Accordingly, the Court finds that Defendant's representations of its PetSafe Products as 'safe' and 'harmless' are not puffery[.]") (collecting cases); *In re Toyota Motor Corp.*, No. 810ML02151JVSFMOX, 2012 WL 12929769, at *18 (C.D. Cal. May 4, 2012) ("Advertising a car as safe and reliable when it actually has a safety-related defect that may render it unable to stop is not 'within the tolerable range of commercial puffery[.]'").[16]

Mr. Tao also alleges a breach of Cosori's express warranties. Although Cosori promised that the Product was "safe" with "overheat protection" and "automatic shut-off" features, Plaintiff details that the Products—in fact—suffered from severe wiring defects from the time of Mr. Tao's purchase, preventing the Products from regulating temperature and making the Products unsafe and unreasonably susceptible to overheating and fire. ¶¶ 38, 44-47, 144. Those allegations constitute a breach of Cosori's express warranties.

### 2. Mr. Tao Does Not Reference the Limited Warranty or Allege That Cosori Breached the Limited Warranty

The Court should reject Cosori's vague assertion that Mr. Tao's claim fails under the terms of the limited warranty. Cosori Br. at 26. Mr. Tao's express warranty claims are based on Cosori's Amazon.com affirmations and promises regarding Mr. Tao's Product, not the limited express warranty contained in the product manual Cosori purports "accompanied all CP158-AF units sold in and around May 2019." ¶¶

---

[16] Cosori's cases are distinguishable or non-persuasive. *Smith v. LG Elecs. U.S.A.*, Inc., No. C 13–4361 PJH, 2014 WL 989742, at *5 (N.D. Cal. Mar. 11, 2014) (finding "safety" representation was non-actionable puffery based on cases that did not analyze the term "safe"); *Watkins v. MGA Ent., Inc.*, 574 F. Supp. 3d 747, 756 (N.D. Cal. 2021) (analyzing term "Age+3" on children's toy); *Mandani v. Volkswagen Grp. of Am., Inc.*, 2019 WL 652867, at *4 (N.D. Cal. Feb. 15, 2019) (relying on *Smith*, which—as mentioned above—relied on cases that did not analyze "safety"-based representations).

5, 33-34, 38, 142; *see also* Laiuw Decl., ¶ 2. In the Complaint, Mr. Tao does not reference Cosori's purported limited warranty or allege that he saw or reviewed the limited warranty. Instead, Mr. Tao alleges that "any attempt to disclaim [Mr. Tao's] warranty remedies are unconscionable and unavailing" to preemptively oppose a potential disclaimer argument by Cosori ¶ 148. Cosori does not argue that the limited warranty disclaims or limits Mr. Tao's warranty remedies. As a result, the limited warranty has no bearing on the Court's analysis of Mr. Tao's express warranty claim.

### 3.   Mr. Tao Alleges a Claim for Breach of the Implied Covenant Even Though He Lacks Privity with Cosori

The Court should reject Cosori's argument that Mr. Tao's implied warranty claim fails for lack of privity. *See* Cosori Br. at 28. Under California law, the privity requirement for an implied warranty claim has a well-established exception "when the plaintiff relies on written labels or advertisements of a manufacturer." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008); *see also Roper v. Big Heart Pet Brands, Inc*., 510 F. Supp. 3d 903, 924 (E.D. Cal. 2020) (vertical privity requirement may be relaxed "when the plaintiff relies on written labels or advertisements of a manufacturer."); *Martinez-Leander v. Wellnx Life Scis*., Inc., No. CV 16-08220 SJO (EX), 2017 WL 2616918, at *6 (C.D. Cal. Mar. 6, 2017) (same).

Here, Mr. Tao alleges that he reviewed representations relating to the Product approved and provided by Cosori on Amazon.com when purchasing the Product in May 2019. ¶¶ 19-20, 77-79, 147 ("[Cosori] also made direct representations and omissions to Plaintiff[] . . . through its . . . marketing materials, its website, on third-party websites and in advertisements."). Cosori's Amazon.com representations constitute "advertising," which California law views broadly. *See Bank of the W. v. Superior Ct*., 2 Cal. 4th 1254, 1276 n.9 (Cal. 1992) ("Most of the published opinions hold that 'advertising' means widespread promotional activities directed to the public at large."). As a result, the Court should not dismiss the claim for lack of privity.

The Court should also reject Cosori's suggestion that Mr. Tao must allege that his Product overheated or caught fire to state a claim for breach of express and implied warranty. *See* Cosori Br. at 24; 29-30. Contrary to Cosori's suggestion, Mr. Tao alleges that the wiring defect that rendered the Product unsafe and at substantial risk of fire and overheating resulted from a design or manufacturing wiring defect that was present when Mr. Tao's initially purchased the Product in May 2019. ¶¶ 44-49 ("[T]he Products, as designed, contained a flaw that made them unreasonably dangerous and susceptible to fire[.]"); ¶ 77 (In May 2019, "Plaintiff Tao purchased from Amazon.com a recalled Product . . . that posed an unreasonable risk of catching fire."). As a result, Mr. Tao alleges that the Product was not merchantable at purchase.

## H.    The Court Should Not Dismiss the Nationwide Class Allegations

The Court should also deny Cosori's preemptive attempt to dismiss Mr. Tao's nationwide class allegations based on *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581 (9th Cir.  2012), a decision following discovery and full briefing. Procedurally, Ninth Circuit courts generally deny motions to dismiss or strike nationwide class allegations because it is premature to consider class-related issues based solely on the complaint, before discovery, and before a class certification motion. *See, e.g., Hall v. Fiat Chrysler Am. US LLC,* No. SACV2100762CJCDFMX, 2022 WL 17885693, at *4 (C.D. Cal. Oct. 24, 2022); *Hrapoff v. Hisamitsu Am., Inc.*, No. 21-CV-01943-JST, 2022 WL 2168076, at *2 (N.D. Cal. June 16, 2022) (citing *Melendres v. Arpaio*, 784 F.3d 1254, 1261-62 (9th Cir. 2015)); *Corbett v. Pharmacare U.S., Inc.*, 544 F. Supp. 3d 996, 1013 (S.D. Cal. 2021) ("While the *Mazza* analysis may ultimately apply to the analysis in this case . . . Plaintiffs should be given an opportunity through discovery to demonstrate that a nationwide class is viable at the class certification stage."); *Takeda Pharm. Co. Ltd.*, 520 F. Supp. 3d at 1274 ("Takeda's 'arguments are better addressed on a motion for class certification with a more complete record.'").

Should the Court consider Cosori's substantive arguments, the Complaint demonstrates that Cosori falls far short of showing that it would be impossible to

certify a nationwide class. California's consumer protection claims can cover non-California residents when California has contacts with the alleged misconduct, and in this case, Mr. Tao alleges that Cosori is headquartered in California and that the alleged misconduct occurred here. ¶¶ 21-24; *Ehret v. Uber Techs., Inc.*, 68 F. Supp. 3d 1121, 1130 (N.D. Cal. 2014) ("Multiple courts . . . have permitted the application of California law where the plaintiffs' claims were based on alleged misrepresentations that were disseminated from California."); *Allen v. Hylands, Inc*., No. CV 12-01150 DMG MANX, 2012 WL 1656750, at *2 (C.D. Cal. May 2, 2012) ("*Mazza* . . . does not categorically rule out application of California law to out-of-state class members."). "Courts also routinely hold that California law controls common law claims brought on behalf of a nationwide class unless a defendant shows that choice-of-law problems render the common law claims inappropriate for class treatment." *Hall*, 2022 WL 17885693, at *4. At this early stage of the case, the Court should not determine that California law will not uniformly apply to the nationwide class or that, if other state law applies, a nationwide class would be unmanageable.[17]

## CONCLUSION

For the reasons discussed above, the Court should deny Cosori's motion.

DATED:  July 14, 2023        **SQUITIERI & FEARON, LLP**

By:   /s/    Stephen J. Fearon, Jr.

---

[17]     Cosori's surveys purporting to show state law variations do not merit striking Mr. Tao's nationwide class allegations. *See* Cosori. Br. at 30 n.8. California law may uniformly apply to some or all of Mr. Tao's claims, an issue which should not be decided without further discovery and a full choice of law analysis. *Snyder v. TAMKO Bldg. Prod., Inc.*, No. 115CV01892TLNKJN, 2018 WL 3241805, at *3 (E.D. Cal. July 2, 2018) ("The Court cannot yet assess whether the other states' laws materially differ from California law, each state's interest, and which would be more impaired were its law not applied."). Even if California law does not apply, the Court can adjudicate a class action litigation involving the application of numerous states' laws through the certification of subclasses or the use of Rule 23(c)(4) issue certification. *See Melgar v. Zicam LLC*, No. 2:14-cv-00160-MCE-AC, 2016 WL 1267870, at *10 (E.D. Cal. Mar. 31, 2016) (certifying ten state express warranty subclass).

1          Stephen. J. Fearon, Jr.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS CLASS ACTION COMPLAINT FOR DAMAGES

## CERTIFICATION OF COMPLIANCE WITH RULE 11-6.2

The undersigned, counsel of record for Plaintiff Nam Tao, certifies that this brief complies with the page limit set by court order dated April 11, 2023 (Dkt. 13).

DATED:  July 14, 2023          **SQUITIERI & FEARON, LLP**

By:   /s/   Stephen J. Fearon, Jr.

Stephen. J. Fearon, Jr.