SARAH CARLSON (SBN 344266)
sarah.carlson@dentons.com
DENTONS US LLP
4655 Executive Drive, Suite 700
San Diego, CA  92121
Telephone:  (619) 236 1414
Facsimile:   (619) 232 8311

JUDITH SHOPHET SIDKOFF (SBN 267048)
judith.sidkoff@dentons,com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA  90017-5704
Telephone:  (213) 623-9300
Facsimile:   (213) 623-9924

Attorneys for Defendant
Arovast Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANNETTE FINCH and NAM TAO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AROVAST CORPORATION d/b/a COSORI CORPORATION,<br><br>Defendant. | No. 8:23-CV-00599 JWH (JDEx)<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>[Fed. R. Civ. P. 12(b)(1) and (6)]<br><br>Date:   September 8, 2023<br>Time:  9:00 a.m.<br>Dept.:  Courtroom D<br>Judge:  John W. Holcomb<br><br>Date Action Filed:  April 5, 2023 |

*Denttons US LLP*
*4655 Executive Drive, Suite 700*
*San Diego, California 92121*

# **TABLE OF CONTENTS**

**Page**

ARGUMENT ...................................................................................................... 8

I.   THIS COURT LACKS SUBJECT MATTER JURISDICTION .................... 8

    A.   Plaintiff is Without Article III Standing ........................................ 8

    B.   Plaintiff's Claims are Prudentially Moot ..................................... 10

    C.   Plaintiff's Request for Jurisdictional Discovery Should be
        Denied ......................................................................................... 11

II.  PLAINTIFF'S FRAUD-BASED CLAIMS FAIL ...................................... 12

    A.   The Complaint Fails To Plausibly Allege Pre-Sale Knowledge. ........ 12

    B.   Plaintiff's Claims Lack Particularity. ......................................... 14

    C.   Plaintiff's Reliance Upon the FTC Act is Baseless. ..................... 15

III. PLAINTIFF FAILS TO PLEAD AN EXPRESS WARRANTY
     CLAIM .................................................................................................... 16

IV.  PLAINTIFF FAILS TO PLEAD AN IMPLIED WARRANTY
     CLAIM .................................................................................................... 18

V.   PLAINTIFF CANNOT REPRESENT A NATIONWIDE CLASS ............. 19

CONCLUSION .................................................................................................. 19

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA 92121

DEF.'S REPLY IN SUPP. OF MOT. TO
DISMISS CLASS ACTION COMPL.

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Barrera v. Samsung Elecs. Am., Inc.*,
2018 WL 10759180 (C.D. Cal. Dec. 7, 2018) .................................................. 18

*In re Big Heart Pet Brands Litig.*,
2019 WL 8266869 (N.D. Cal. Oct. 4, 2019) ......................................... 10, 11, 13

*Burr v. Sherwin Williams Co.*,
42 Cal. 2d 682 (Cal. 1954) ............................................................................... 18

*Campbell-Ewald Co. v. Gomez*,
577 U.S. 153 (2016) ........................................................................................ 8, 9

*Charlton v. LG Energy Sol. Mich., Inc.*,
2023 WL 1420726 (S.D. Cal. Jan. 31, 2023) .................................................... 9

*Chen v. Allstate Ins. Co.*,
819 F.3d 1136 (9th Cir. 2016) .......................................................................... 9

*Cheng v. BMW of N. Am., LLC*,
2013 WL 3940815 (C.D. Cal. July 26, 2013) ................................................ 11

*Cho v. Hyundai Motor Co., Ltd.*,
2022 WL 16966537 (C.D. Cal. Oct. 21, 2022) .............................................. 14

*Clemens v. DaimlerChrysler Corp.*,
534 F.3d 1017 (9th Cir. 2008) ........................................................................ 18

*Comes v. Harbor Freight Tools USA, Inc.*,
2021 WL 6618816 (C.D. Cal. Sept. 29, 2021) ................................................. 9

*In re ConAgra Foods, Inc.*,
302 F.R.D. 537 (C.D. Cal. 2014) .................................................................... 19

*Consumer Advocs. v. Echostar Satellite Corp.*,
8 Cal. Rptr. 3d 22 (Cal. Ct. App. 2003) .......................................................... 17

*Davidson v. Apple, Inc.*,
2017 WL 976048 (N.D. Cal. Mar. 14, 2017) .................................................. 17

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA 92121

Page(s)

*Davidson v. Apple, Inc.*,
　2018 WL 2325426 (N.D. Cal. May 8, 2018) ....................................................19

*Deras v. Volkswagen Grp. of Am., Inc.*,
　2018 WL 2267448 (N.D. Cal. May 17, 2018) .................................................14

*Dhital v. Nissan N. Am., Inc.*,
　84 Cal. App. 5th 828 (2022) ...........................................................................15

*F.T.C. v. Indiana Fed'n of Dentists*,
　476 U.S. 447 (1986) ........................................................................................16

*F.T.C. v. Texaco, Inc.*,
　393 U.S. 223 (1968) ........................................................................................16

*Frenzel v. AliphCom*,
　76 F. Supp. 3d 999 (N.D. Cal. 2014) .........................................................17, 18

*Garcia v. Gen. Motors LLC*,
　2018 WL 6460196 (E.D. Cal. Dec. 10, 2018) ................................................13

*Golden v. Home Depot, U.S.A, Inc.*,
　2018 WL 2441580 (E.D. Cal. May 31, 2018) .................................................13

*Guan v. Mercedes-Benz USA, LLC*,
　2022 WL 17089817 (N.D. Cal. May 17, 2022) ..............................................10

*Hall v. Fiat Chrysler Am. US LLC*,
　2022 WL 17885693 (C.D. Cal. Oct. 24, 2022) ...............................................19

*Hardt v. Chrysler Grp. LLC*,
　2015 WL 12683963 (C.D. Cal. Mar. 16, 2015) ..............................................12

*Hauck v. Advanced Micro Devices, Inc.*,
　2018 WL 5729234 (N.D. Cal. Oct. 29, 2018) ................................................12

*Hernandez v. Radio Sys. Corp.*,
　2023 WL 2629020 (C.D. Cal. Mar. 9, 2023) ..................................................17

*Herremans v. BMW of N. Am., LLC*,
　2015 WL 12712082 (C.D. Cal. Feb. 19, 2015) ..............................................13

*Kavehrad v. Vizio, Inc.*,
　2022 WL 16859975 (C.D. Cal. Aug. 11, 2022) ..............................................12

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA 92121

DEF.'S REPLY IN SUPP. OF MOT. TO
DISMISS CLASS ACTION COMPL.

Page(s)

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) ........................................................... 15

*Klaehn v. Cali Bamboo LLC*,
   2022 WL 1830685 (9th Cir. June 3, 2022) ........................................ 14

*Kowalsky v. Hewlett-Packard Co.*,
   2011 WL 3501715 (N.D. Cal. Aug. 10, 2011) ................................... 13

*MacDonald v. Ford Motor Co.*,
   37 F. Supp. 3d 1087 (N.D. Cal. 2014) ............................................... 14

*In re Mattel*,
   588 F. Supp. 2d 1111 (C.D. Cal. 2008) ......................................... 9, 11

*McKinney v. Corsair Gaming, Inc.*,
   2022 WL 17736777 (N.D. Cal. Dec. 16, 2022) ................................. 19

*In re McNeil Consumer Healthcare*,
   877 F. Supp. 2d 254 (E.D. Pa. 2012) ................................................. 10

*Moran v. Edgewell Pers. Care, LLC*,
   2022 WL 3046906 (N.D. Cal. Aug. 2, 2022) ..................................... 18

*Myhre v. Seventh-Day Adventist Church Reform Movement Am. Union
   Int'l Missionary Soc.*,
   298 F.R.D. 633 (S.D. Cal. 2014) ........................................................ 11

*Otero v. Zeltiq Aesthetics, Inc.*,
   2017 WL 9538711 (C.D. Cal. Nov. 21, 2017) ................................... 15

*Pardini v. Unilever United States, Inc.*,
   2014 WL 265663 (N.D. Cal. Jan. 22, 2014) ..................................... 17

*Park-Kim v. Daikin Applied Americas, Inc.*,
   747 F. App'x 639 (9th Cir. 2019) ...................................................... 18

*Phillips v. Ford Motor Co.*,
   2016 WL 693283 (N.D. Cal. Feb. 22, 2016) ..................................... 11

*Potts v. Johnson & Johnson Consumer Inc.*, 2021 WL 2177386
   (D.N.J. May 28, 2021) ......................................................................... 9

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA 92121

DEF.'S REPLY IN SUPP. OF MOT. TO
DISMISS CLASS ACTION COMPL.

Page(s)

*Punian v. Gillette Co.*,
    2015 WL 4967535 (N.D. Cal. Aug. 20, 2015) ................................................. 13

*Quest Nutrition, LLC v. Bd. of Supervisors of LSU Agric. & Mech.
    Coll.*,
    2014 WL 3362061 (C.D. Cal. July 8, 2014) ................................................... 11

*Rahman v. Mott's LLP*,
    693 Fed.Appx. 578 (9th Cir. 2017) ............................................................... 19

*Resnick v. Hyundai Motor Am., Inc.*,
    2017 WL 1531192 (C.D. Cal. Apr. 13, 2017) ................................................. 18

*Reynolds v. Lifewatch, Inc.*,
    136 F. Supp. 3d 503 (S.D.N.Y. 2015) ........................................................... 11

*Robinson Helicopter Co. v. Dana Corp.*,
    34 Cal. 4th 979 (2004) .................................................................................. 15

*Rose v. Bank of America, N.A.*,
    57 Cal. 4th 390 (2013) .................................................................................. 16

*Rothschild v. Gen. Motors LLC*,
    2020 WL 13581659 (E.D.N.Y. Sept. 30, 2020) ............................................. 11

*Schmitt v. SN Servicing Corp.*,
    2021 WL 5279822, at *5 (N.D. Cal. Nov. 12, 2021) ..................................... 16

*Sepehry-Fard v. MB Fin. Servs.*,
    2015 WL 903364 (N.D. Cal. Mar. 2, 2015) ................................................... 14

*Steel Co. v. Citizens for Better Environment*,
    523 U.S. 83 (1998) ....................................................................................... 10

*Sugasawara v. Ford Motor Co.*,
    2019 WL 3945105 (N.D. Cal. Aug. 21, 2019) ................................................. 9

*Taragan v. Nissan N. Am., Inc.*,
    2013 WL 3157918 (N.D. Cal. June 20, 2013) ............................................... 18

*Tristan v. Bank of Am.*,
    2023 WL 4417271 (C.D. Cal. June 28, 2023) ............................................... 17

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA 92121

DEF.'S REPLY IN SUPP. OF MOT. TO
DISMISS CLASS ACTION COMPL.

Page(s)

*In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*,
   2019 WL 5698339 (N.D. Cal. Nov. 4, 2019) ...................................................... 15

*Williams v. Tesla, Inc.*,
   2022 WL 899847 (N.D. Cal. Mar. 28, 2022) ..................................................... 12

*Williams v. Yamaha Motor Co.*,
   2014 WL 12597039 (C.D. Cal. Aug. 19, 2014) ................................................. 19

*Wilson v. Hewlett-Packard Co.*,
   668 F.3d 1136 (9th Cir. 2012) ............................................................................ 12

*Winzler v. Toyota Motor Sales, U.S.A., Inc.*,
   681 F.3d 1208 (10th Cir. 2012) .......................................................................... 11

**Statutes**

16 Code of Federal Regulations
   § 233.1
   § 233.2(c)
   §1115.20 (a) ........................................................................................................ 16

Federal Trade Commission Act § 5 ......................................................................... 16

**Rules**

Rule 9(b) ......................................................................................................... 13, 15

Rule 12(b)(1) ................................................................................................... 11, 12

Rule 12(b)(6) ......................................................................................................... 13

Rule 23(c)(4) ......................................................................................................... 19

Rule 68 .................................................................................................................... 9

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA 92121

-7-

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA 92121

## ARGUMENT

Despite introducing new facts and re-framing his allegations, Plaintiff Nam Tao cannot overcome his Complaint's numerous deficiencies.  His opposition principally relies upon the undisputed and irrelevant proposition that a defendant cannot unilaterally moot a class action with a pre-certification offer to settle the named plaintiff's claim alone.  Tellingly, Tao fails to grapple with the weight of cases discussed in Cosori's motion establishing that where a government-supervised recall already provides a fulsome remedy, a plaintiff cannot maintain an action in federal court.  Instead, desperate to disparage Cosori's recall as "grossly inadequate," the opposition adds new, unpled allegations (again based on third-hand accounts) that Cosori has "begun providing refunds to aggrieved customers."  Even if properly pled, these new facts only confirm that this Court should decline to exercise subject matter jurisdiction over Tao's claims.

The opposition also fails to demonstrate Tao's entitlement to relief on the merits.  Tao neither pleads his fraud-based claims with particularity, nor plausibly alleges Cosori's pre-sale knowledge of any alleged defect, and his warranty claims cannot be sustained as a matter of California law.  Cosori's motion should be granted.

## I.    THIS COURT LACKS SUBJECT MATTER JURISDICTION
### A.    Plaintiff is Without Article III Standing

Tao insists he presents a live case or controversy primarily on the strength of *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016).  But *Campell-Ewald*'s rule of decision is wholly inapposite, its circumstances directly contrary to those here. There, the Supreme Court refused to allow a defendant to opportunistically pick off the named plaintiff alone, thereby forestalling liability to a presumptive class that otherwise remained aggrieved.  *Id.* at 162 ("Gomez sought treble statutory damages and an injunction on behalf of a nationwide class, but Campbell's settlement offer proposed relief for Gomez alone…."). There was no dispute Gomez maintained a live, viable claim at the moment Campbell made this offer—on the eve

of Gomez's class certification filing—in order to argue "the putative class claims also became moot." *Id.* at 159; *see id.* at 165 ("Campbell sought to avoid … damages a thousand-fold larger than the bid Gomez declined to accept").[1]

By stark contrast, well before Tao even filed this action—indeed, before he was even aware of a potential issue—Cosori had already committed itself to full relief for the *entire class* he now seeks to represent. This was hardly the strategic "Rule 68 offer of judgment" rejected in *Campbell-Ewald*. *Id.* at 163. Cosori has not employed a "careful tactic to moot Mr. Tao's claims" (Opp. at 13). Tao *never possessed* a viable claim at all—any "injury is traceable not to [Cosori's] wrongdoing but rather to his own choice not to pursue the recall remedy." *Comes v. Harbor Freight Tools USA, Inc.*, 2021 WL 6618816, at *5 (C.D. Cal. Sept. 29, 2021). It is hardly surprising then that every post-*Campbell* decision from this circuit confronting the actual scenario presented here—a recall addressing an issue later sued upon—"did not consider the *Campbell-Ewald* framework." (Opp. at 16, n.7.) *See Sugasawara v. Ford Motor Co.*, 2019 WL 3945105, at *7 (N.D. Cal. Aug. 21, 2019) ("[W]ithout a concrete injury that is fairly traceable to Ford's alleged wrongdoing, the plaintiffs cannot sustain their claims."); *Comes*, 2021 WL 6618816, at *5 (same for plaintiff alleging no property damage); *Charlton v. LG Energy Sol. Mich., Inc.*, 2023 WL 1420726, at *1 (S.D. Cal. Jan. 31, 2023) (no live case or controversy where recall program addresses plaintiff's purely economic harm).[2]

Hoping to avoid dismissal, Tao asserts "Cosori has quietly begun providing refunds to aggrieved customers who would no longer accept its delays." (Opp. at 10.)

---

[1] The same is true of Tao's other "most notable" case. *See Chen v. Allstate Ins. Co.*, 819 F.3d 1136, 1139 (9th Cir. 2016) ("before any motion for class certification … Allstate made an offer of judgment to [plaintiffs] … 'on their individual claims'").

[2] As for *In re Mattel*, 588 F. Supp. 2d 1111 (C.D. Cal. 2008), not only does that case pre-date Cosori's cited authorities by more than a decade, plaintiffs there also alleged their "children actually ingested lead" requiring medical monitoring. *Id.* at 1117. So too with *Potts v. Johnson & Johnson Consumer Inc.*, where "each plaintiff allege[d] that he/she suffered a *physical injury* that a refund could not compensate." 2021 WL 2177386, at *7 (D.N.J. May 28, 2021).

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA 92121

DEF.'S REPLY IN SUPP. OF MOT. TO
DISMISS CLASS ACTION COMPL.

But in attempting to leverage this flexibility against Cosori, Tao only highlights why his case is unfit for judicial resolution—whether because of a lack of standing, or based on prudential ripeness concerns.  *E.g.*, *In re McNeil Consumer Healthcare*, 877 F. Supp. 2d 254, 276 (E.D. Pa. 2012) ("to the extent that this set of plaintiffs relies on the experiences of others to argue that seeking a refund would be pointless, such allegations are inadequate because the named plaintiffs must establish an injury that is particularized to them"); *Guan v. Mercedes-Benz USA, LLC*, 2022 WL 17089817, at *4 (N.D. Cal. May 17, 2022) (no justiciable claim where plaintiff's criticisms "reference only the experiences of other class members").  Indeed, the opposition barely attempts to rebut Cosori's arguments related to ripeness, resting on the confusing assertion that Tao "has no desire to participate in the recall" (Opp. at 12)—a claim that cannot be reconciled with his pleading.  (Compl. at 38 (praying for "an injunction requiring Defendant to modify its recall").)[3]

### B.    Plaintiff's Claims are Prudentially Moot

The cases Tao relies upon actually recognize that the scenario here warrants dismissal for prudential mootness.  Plaintiff's leading case is *In re Big Heart Pet Brands Litig.*, 2019 WL 8266869 (N.D. Cal. Oct. 4, 2019), where the court found unclear the level of oversight exercised by the FDA, and thus could not "conclusively determine that it would be treading upon the feet of a coordinate branch of government."  *Id.* at *6.  But this case involves the CPSC, whose regulatory oversight is functionally comparable to NHTSA.  And *In re Big Heart* expressly observed that NHTSA's ongoing oversight, along with the potential to impose penalties, supported a finding of prudential mootness.  *Id.* (recognizing that where "relief from the court could duplicate or complicate" the remedial process coordinated by a federal agency, and where Plaintiff has "not shown [he] would be left without a complete remedy,"

---

[3] Tao also accuses the recall of failing to provide "attorneys' fees and costs" (Opp. at 13), but "a plaintiff cannot achieve standing to litigate a substantive issue by bringing suit for the cost of bringing suit."  *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 107 (1998).

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA 92121

claims are properly deemed prudentially moot) (citing *Winzler v. Toyota Motor Sales, U.S.A., Inc.*, 681 F.3d 1208, 1211–15 (10th Cir. 2012) and *Cheng v. BMW of N. Am., LLC*, 2013 WL 3940815, at *4 (C.D. Cal. July 26, 2013)).[4]

### C.  Plaintiff's Request for Jurisdictional Discovery Should be Denied

Tao fails to identify a valid basis for permitting jurisdictional discovery into the efficiency of the Recall.  His argument rests upon unverified third-party comments posted to social media and a consumer website. (Opp. at 17.)  These third-party complaints cannot allow Tao to overcome his own lack of standing (much less the unripeness of his claims). *See Quest Nutrition, LLC v. Bd. of Supervisors of LSU Agric. & Mech. Coll.*, 2014 WL 3362061 (C.D. Cal. July 8, 2014) ("[A] party is not entitled to jurisdictional discovery if the record shows that the requested discovery is not likely to produce the facts needed to withstand a Rule 12(b)(1) motion.").

Nor has Tao proffered any evidence to counter the sworn declaration of Jeremy Liauw, submitted in support of Cosori's motion.  Contra Tao, this affidavit is not an "unsupported and vague [claim] of diligence."  (Opp. at 17.)  And jurisdictional discovery is not warranted if "a plaintiff cannot demonstrate how further discovery would allow it to contradict the defendant's affidavits."  *Myhre v. Seventh-Day Adventist Church Reform Movement Am. Union Int'l Missionary Soc.*, 298 F.R.D.

---

[4] *In re Mattel, Inc.* recognized these very features, noting the CPSC "reserves the right to seek broader corrective action," and "is not barred from seeking greater remedies at a later date." 588 F. Supp. 2d at 1115; *see also* 16 C.F.R. § 1115.20(a) ("The Commission reserves the right to seek broader corrective action … if the corrective action plan does not sufficiently protect the public."). As such, this case is analogous to *Winzler* and *Cheng*, where courts wisely stayed their hands. *See In re Big Heart Pet Brands Litig.*, 2019 WL 8266869, at *6 (recognizing concern with "treading upon the feet of a coordinate branch of government"). Tao's other cases (Opp. at 15) are similarly unavailing or inapposite. *See Rothschild v. Gen. Motors LLC*, 2020 WL 13581659, at *5 (E.D.N.Y. Sept. 30, 2020) (addressing "'silent recall'" not overseen by a federal agency and extended only to owners actually experiencing alleged defect); *Phillips v. Ford Motor Co.*, 2016 WL 693283, at *6 (N.D. Cal. Feb. 22, 2016) (finding a "cognizable danger" recall would fail based on repeated, unsuccessful attempts by named plaintiff to achieve a fix); *Reynolds v. Lifewatch, Inc.*, 136 F. Supp. 3d 503 (S.D.N.Y. 2015) (addressing voluntary and unsupervised "refund campaign" rather than a recall).

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA 92121

DEF.'S REPLY IN SUPP. OF MOT. TO
DISMISS CLASS ACTION COMPL.

633 (S.D. Cal. 2014).  As Plaintiff himself has refused to participate in the Recall, he cannot possibly demonstrate how discovery into the Recall process will enable him to contradict Defendant's evidence and avoid dismissal pursuant to Rule 12(b)(1). Accordingly, Plaintiff's request for jurisdictional discovery should be denied.

## II.   PLAINTIFF'S FRAUD-BASED CLAIMS FAIL

### A.   The Complaint Fails To Plausibly Allege Pre-Sale Knowledge.

Nowhere does Tao's Complaint *even assert* Cosori knew of the specific alleged defect "well before Mr. Tao's May 2019 purchase."  (Opp. at 20.)  But even as refurbished in his brief, Tao's knowledge allegations are impermissibly anchored to Cosori's "sophistication" and its position "atop the cooking appliance market." (Compl. ¶ 59.)  However, "it is not enough to allege that a defendant should have known about a defect from general knowledge."  *Hauck v. Advanced Micro Devices, Inc.*, 2018 WL 5729234, at *6 (N.D. Cal. Oct. 29, 2018); *cf. Williams v. Tesla, Inc.*, 2022 WL 899847, at *4 (N.D. Cal. Mar. 28, 2022); ("When addressing a defendant's pre-sale knowledge, courts have held that the defendant must have knowledge of the specific defect alleged, not a general defect.").  Moreover, vague references to "internal quality assurance measures," along with (implausible and unfounded) assertions of "the readily apparent and catastrophic design and/or manufacturing issue" (Opp. at 20), are precisely the type of "merely conclusory" allegations roundly rejected throughout the Ninth Circuit.  *E.g.*, *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1147 (9th Cir. 2012) ("The allegation that HP, as the manufacturer, had 'access to the aggregate information and data regarding the risk of overheating' is speculative and does not suggest how any tests or information could have alerted HP to the defect"); *Kavehrad v. Vizio, Inc.*, 2022 WL 16859975, at *6 (C.D. Cal. Aug. 11, 2022) ("Plaintiffs do not allege the type of testing allegedly conducted, let alone why that testing would have necessarily disclosed the Power Defect."); *Hardt v. Chrysler Grp. LLC*, 2015 WL 12683963, at *4 (C.D. Cal. Mar. 16, 2015) ("fail[ure] to allege how 'pre-release testing data' or 'aggregate data' could have alerted the manufacturer

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA 92121

to the alleged defect … [is] insufficient to establish knowledge"); *Garcia v. Gen. Motors LLC*, 2018 WL 6460196, at *11 (E.D. Cal. Dec. 10, 2018) ("Plaintiffs do not specify any details regarding the 'pre-release testing' and testing in response to complaints …."); *Herremans v. BMW of N. Am., LLC*, 2015 WL 12712082, at *11 (C.D. Cal. Feb. 19, 2015) (general reference to undated internal information and external customer complaints does not plausibly plead knowledge).

As such, this case is entirely unlike Tao's cited authority (Opp. at 21), all of which featured specific, detailed allegations linking the manufacturer's internal processes with its knowledge of a specific defect. *E.g.*, *In re Big Heart*, 2019 WL 8266869, at *20 (N.D. Cal. Oct. 4, 2019) (deeming it "a close case" where "Defendant's pre-release testing included a laboratory analysis of ingredients… [which] would show how the testing would make Defendant aware of the presence of pentobarbital" in combination with pre-purchase "incidents about contaminated meat products from Defendant's supplier"); *Kowalsky v. Hewlett-Packard Co.*, 2011 WL 3501715, at *4 (N.D. Cal. Aug. 10, 2011) (plausible knowledge based on boasts of complying with the "24735 standard," which required "multiple tests" that would have uncovered a defect alleged to be "present 'out of the box'" in every printer ).

The Court should also reject Tao's improper bid to shift the burden to Cosori regarding "the timing of fire and injury reports." (Opp. at 22.) *See Punian v. Gillette Co.*, 2015 WL 4967535, at *11 (N.D. Cal. Aug. 20, 2015) (dismissing complaint for lack of pre-sale knowledge despite recognizing "Plaintiff is unlikely to have access to certain types of evidence" prior to discovery).[5] Indeed, "[a] Rule 12(b)(6) motion is not the time or place for a defendant to rebut factual allegations with contradictory evidence." *Golden v. Home Depot, U.S.A, Inc.*, 2018 WL 2441580, at *2 (E.D. Cal. May 31, 2018). It remains Tao's "pleading burden to demonstrate a plausible

---

[5] Apparently seeking to double-count, Tao cites inapposite cases indicating Rule 9(b) "may be relaxed as to matters within the opposing party's knowledge." (Opp. at 22.) But Rule 9(b)'s heightened pleading standard does not apply to knowledge in the first place, as Tao himself proclaims two pages earlier. (*Id.* at 20.)

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA 92121

entitlement to relief, not [Cosori's] burden to prove that [Tao's] claim does not exist." *Sepehry-Fard v. MB Fin. Servs.*, 2015 WL 903364, at *8 (N.D. Cal. Mar. 2, 2015).[6]

And even if Tao somehow *could* allege that "Cosori received fire and overheating reports prior to Mr. Tao's May 2019 purchase," (Opp. at 22) his claim would *still* fail. *See Klaehn v. Cali Bamboo LLC*, 2022 WL 1830685, at *2 (9th Cir. June 3, 2022) (affirming dismissal where only 12 of the cited customer complaints predated Plaintiffs' purchases, rendering remaining complaints post-dating purchases irrelevant). Tao alleges 205 reports—in total—out of *2.25 million* units. (Compl. ¶¶ 2, 4.) Timing aside, this is plainly insufficient to allege pre-purchase knowledge. *See, e.g.*, *Cho v. Hyundai Motor Co., Ltd.*, 2022 WL 16966537, at *10 (C.D. Cal. Oct. 21, 2022) (collecting cases and finding 400 NHTSA complaints insufficient where 10 million vehicles were sold and "a significant percentage post-date Plaintiffs' purchases and therefore are irrelevant"); *Deras v. Volkswagen Grp. of Am., Inc.*, 2018 WL 2267448, at *4 (N.D. Cal. May 17, 2018) ("even fifty-six" complaints "out of hundreds of thousands of vehicles" deemed insufficient to allege knowledge). As such, Tao would need far more than pre-sale complaints to survive dismissal. *See MacDonald v. Ford Motor Co.*, 37 F. Supp. 3d 1087, 1093-95 (N.D. Cal. 2014) (recognizing "consumer complaints are insufficient," and considering them together with other, quite detailed, allegations). In the end, Tao is utterly without basis to allege Cosori's pre-sale knowledge of the alleged defect. On this ground alone, his fraud-based claims should be dismissed.

## B. Plaintiff's Claims Lack Particularity.

Tao insists he "precisely alleges Cosori's misstatements and omissions" (Opp. at 23), but the actual representations recounted in the Complaint are alleged only to have occurred broadly "during the class period." (Compl. ¶¶ 33–34.) *See Kearns v.*

---

[6] Tao's misplaced burden-shifting gambit is also deeply ironic. It is only by virtue of Cosori's voluntary recall that Tao is aware of *any* consumer complaints—or even a potential issue with his product—in the first place. Tao's demand that Cosori deliver every fact to plausibly allege his unfounded claims should be rejected.

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA 92121

*Ford Motor Co.*, 567 F.3d 1120, 1125–26 (9th Cir. 2009) (dismissal affirmed where plaintiff did not specify "which [ads] he found material" and "relied upon in making his decision to buy"). Simply arguing that "Tao … 'reviewed the Product's Amazon.com webpage'" (Opp. at 23) says nothing about the particular statements he reviewed, much less "found material" or "relied upon." *See Otero v. Zeltiq Aesthetics, Inc.*, 2017 WL 9538711, at *6 (C.D. Cal. Nov. 21, 2017) (rejecting (far more robust) allegation that plaintiffs "reviewed Defendant's official CoolSculpting website, specifically regarding its representations implying that the device was approved by the FDA"). Moreover, regarding reliance, Tao alleges only vaguely that he "reviewed and relied on Defendant's representations and omissions." (Compl. ¶ 79.) That conclusory statement is plainly insufficient to meet his burden. *See, e.g.*, *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, 2019 WL 5698339, at *1 (N.D. Cal. Nov. 4, 2019) (emphasizing Rule 9b's "heightened pleading requirements … apply to the element of reliance.").[7]

## C. Plaintiff's Reliance Upon the FTC Act is Baseless.

Beyond the complaint's particularity and pre-sale knowledge problems, Tao's own authority confirms that his reliance upon the FTC Act to support his UCL claim (*see* Opp. at 25) neither satisfies Rule 9(b) nor accords with California law. *Rubenstein v. Neiman Marcus Grp. LLC* is inapposite, in that it addressed specific regulations promulgated by the FTC, not Section 5's "broad prohibition" of "unfair or deceptive acts." *See* 687 F. App'x 564, 567 (9th Cir. 2017) (sustaining particularized allegation "that neither Neiman Marcus nor other merchants in the vicinity sold comparable products at the Compared To prices at the time of

---

[7] Tao's argument against application of the economic loss rule fails on similar grounds. As explained in *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004), suspension of the economic loss rule where a breach of contract is accompanied by fraud requires a showing through a well pleaded complaint of intentional conduct, or else the economic loss limitation would "be meaningless." California courts have similarly held in other cases cited by Plaintiff that tortious conduct must be pleaded with requisite particularity. *See, e.g.*, *Dhital v. Nissan N. Am., Inc.*, 84 Cal. App. 5th 828 (2022).

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA 92121

[plaintiff's] purchase"). Tao's other case, *Schmitt v. SN Servicing Corp.*, emphasized this distinction in dismissing a claim still more particularized than Tao's. *See* 2021 WL 5279822, at \*5 (N.D. Cal. Nov. 12, 2021) ("[U]nlike in *Rubenstein*, where the plaintiffs alleged violations of specific FTC Guides (the Guides Against Deceptive Pricing, 16 Code of Federal Regulations Sections 233.1 and 233.2(c)), *Schmitt* only mentions general FTC 'guides' and 'standards.'").

This distinction is aligned with the California Supreme Court's instruction—in a case highlighted by Tao—that Congressional design is critical. *See Rose v. Bank of America, N.A.*, 57 Cal. 4th 390, 397 (2013) (allowing UCL claim based on reticulated federal statute, explaining that "Congress expressly left the door open for the operation of state laws that hold banks to standards equivalent to those of TISA"). By contrast, under Section 5 of the FTC Act, "the task of defining 'unfair methods of competition' *was left to the Commission*." *F.T.C. v. Texaco, Inc.*, 393 U.S. 223, 225 (1968); *accord F.T.C. v. Indiana Fed'n of Dentists*, 476 U.S. 447, 454 (1986) (Section 5's standard is "an elusive one," encompassing both violations of the antitrust laws, and "also practices that *the Commission determines* are against public policy"). Thus, both as a matter of California substantive law, as well as federal pleading standards, Tao's vague reliance upon the FTC Act cannot succeed.

## III.    PLAINTIFF FAILS TO PLEAD AN EXPRESS WARRANTY CLAIM

The opposition does not overcome the Complaint's failure to identify a single actionable warranty that Cosori allegedly breached. In particular, as to Cosori's representations that units included "overheat protection" and "automatic shutoff," Tao does not allege these features *actually failed* or were otherwise lacking, much less for his own unit. At most, the Complaint alleges (albeit implausibly, *see supra* II.A) that these representations were not the whole story. And "Safe and Eco-friendly!" cannot possibly be taken "as anything more weighty than an advertising slogan." *Consumer Advocs. v. Echostar Satellite Corp.*, 8 Cal. Rptr. 3d 22, 29 (Cal.

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA 92121

Ct. App. 2003).  Even Tao's authority acknowledges that "context is critical."  *See Hernandez v. Radio Sys. Corp.*, 2023 WL 2629020, at *5 (C.D. Cal. Mar. 9, 2023). There, the plaintiff's dog became "timid and scared" after the "plaintiff's veterinarian identified holes in the dog's neck"—all despite specific boasts, including the following "prominently display[]ed" question and answer: "'Will it hurt my pet?' … '***NO … This method has been proven safe and will not harm your pet***.'"  *Id.* at *2. Nothing like this "context" exists here.  *See, e.g.*, *Tristan v. Bank of Am.*, 2023 WL 4417271, at *5 (C.D. Cal. June 28, 2023) ("the words 'simple,' 'fast,' and 'safe' are general descriptive statements as opposed to verifiable statements of fact").[8]

In any event, Tao's attempts to evade Cosori's limited warranty—referenced throughout the complaint along with the manual in which it appears[9]—must be rejected.  "The only reasonable and consistent reading of the alleged express warranty statements and the limited warranty is to read the limited warranty—including its one year warranty period and restriction on remedies—as applying to the statements." *Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1019 (N.D. Cal. 2014).  "An alternative reading would mean that the statements created express warranties of indefinite duration—a wholly untenable construction."  *Id.*; *see also Resnick v. Hyundai Motor*

---

[8] For this same reason, Tao's unsupported insistence that he states "an affirmative misrepresentation claim" (Opp. at 18–19) necessarily fails, even setting aside its particularity requirement.  Relatedly, Tao's failure to plead *reliance* on "specific representations" is even more glaring here than in connection with his fraud-based claims.  At most, the statement that "Tao reviewed and relied on Defendant's representations *and omissions*" (Compl. ¶ 79) suggests weakly that he relied upon the absence of a specific warning.  But the absence of a statement cannot support a warranty claim.  *E.g.*, *Pardini v. Unilever United States, Inc.*, 2014 WL 265663, at *9 (N.D. Cal. Jan. 22, 2014) (rejecting reliance "on the absence of a statement" because "a warranty is necessarily an affirmative statement").

[9] The notion that Tao "does not … allege that he saw or reviewed the limited warranty" (Opp. at 29) sits at best uneasily with the Complaint's multiple quotations from the manual.  (Compl. ¶¶ 35–36.)  Either way though, his review is immaterial. *E.g.*, *Davidson v. Apple, Inc.*, 2017 WL 976048, at *12 (N.D. Cal. Mar. 14, 2017) (enforcing "Limited Warranty's 1-year duration" despite post-sale provision).

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA 92121

*Am., Inc.*, 2017 WL 1531192, at *9 (C.D. Cal. Apr. 13, 2017) ("even assuming that any of Defendants' representations constitute a viable express warranty regarding the quality of Hyundai's paint, that warranty is limited to the same terms as Hyundai's [limited] warranty"); *Barrera v. Samsung Elecs. Am., Inc.*, 2018 WL 10759180, at *9 (C.D. Cal. Dec. 7, 2018) (same, and refusing to relax time limit due to alleged knowledge of "latent defect"). Even though Cosori has offered Tao more than he would be entitled to under the limited warranty in any event—in that it is providing a fulsome remedy without *any* temporal limitation—his claim is utterly baseless. *See, e.g.*, *Park-Kim v. Daikin Applied Americas, Inc.*, 747 F. App'x 639, 640 (9th Cir. 2019) ("[P]laintiffs may not bring a claim for breach of express warranty based on latent defects discovered after the warranty period has expired.").

## IV.    PLAINTIFF FAILS TO PLEAD AN IMPLIED WARRANTY CLAIM

Because Tao's own unit never "exhibited the alleged defect," his claim cannot succeed. *E.g., Taragan v. Nissan N. Am., Inc.,* 2013 WL 3157918, at *4 (N.D. Cal. June 20, 2013). Tao offers no contrary authority. Rather, he attempts to sidestep the privity requirement by quoting the Ninth Circuit's reference, in dicta, to "a well-established exception 'when the plaintiff relies on written labels or advertisements of a manufacturer.'" (Opp. at 29 (quoting *Clemens v. DaimlerChrysler Corp*., 534 F.3d 1017, 1023 (9th Cir. 2008)).) But the sole case cited in *Clemens* for that proposition actually held that this "exception, where representations are made by means of labels or advertisements, is applicable *only to express warranties*." *Burr v. Sherwin Williams Co.*, 42 Cal. 2d 682, 696 (Cal. 1954); *see Moran v. Edgewell Pers. Care, LLC*, 2022 WL 3046906, at *2 (N.D. Cal. Aug. 2, 2022) (dismissing implied warranty claim because "the holding from the California Supreme Court in *Burr v. Sherwin Williams* that the privity exception only applies to express warranties has never been overruled"). Because Tao's authority "directly conflicts with established California Supreme Court precedent," *Williams v. Yamaha Motor Co.*, 2014 WL 12597039, at *13 (C.D. Cal. Aug. 19, 2014), this claim should be dismissed.

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA 92121

DEF.'S REPLY IN SUPP. OF MOT. TO
DISMISS CLASS ACTION COMPL.

**V.    PLAINTIFF CANNOT REPRESENT A NATIONWIDE CLASS**

Ninth Circuit precedent clearly forecloses the application of California law to claims from non-residents, which is fatal to Tao's ability to maintain a nationwide class. *See, e.g.*, *McKinney v. Corsair Gaming, Inc.*, 2022 WL 17736777, at *7 (N.D. Cal. Dec. 16, 2022) ("The facts of this case are not distinguishable from *Mazza*: Corsair, though headquartered in California, advertises its products to consumers nationwide, who purchase them in their home states").   And Tao's scattering of outlier cases does not establish that this Court should delay the inevitable.   *See, e.g.*, *Hall v. Fiat Chrysler Am. US LLC*, 2022 WL 17885693, at *4 (C.D. Cal. Oct. 24, 2022) (citing a single district court opinion from 1987 (i.e., long pre-dating *Mazza*) for the proposition, asserted in dicta, that California law can control common law claims brought by a nationwide class).[10]

<u>**CONCLUSION**</u>

For the foregoing reasons, in addition to those set forth in its Motion, Cosori respectfully requests that this Court dismiss Plaintiff's Complaint.

---

[10] Nor does holding open the hope of "certifying subclasses or the use of Rule 23(c)(4)" justify maintaining Tao's nationwide claims.  "Certification of an issues class under Rule 23(c)(4) is appropriate only if it materially advances the disposition of the litigation as a whole." *Rahman v. Mott's LLP*, 693 Fed.Appx. 578, 579 (9th Cir. 2017).  Tao offers no indication how this might be so.  And in light of the multiple state-law differences highlighted by Cosori across Tao's claims (Motion at 30, n.8), certifying (even) a liability class makes no sense here. *Davidson v. Apple, Inc.*, 2018 WL 2325426, at *26 (N.D. Cal. May 8, 2018) (refusing to certify a liability class under consumer protection law as doing so "would not resolve individual issues concerning reliance"); *accord In re ConAgra Foods, Inc*., 302 F.R.D. 537, 581 (C.D. Cal. 2014) (rejecting request to certify issue class, because doing so "might simply consume time and resources").

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA 92121

DEF.'S REPLY IN SUPP. OF MOT. TO
DISMISS CLASS ACTION COMPL.

Dated:  August 11, 2023

Respectfully submitted,

DENTONS US LLP

By:  _/s/Sarah Carlson_____
Sarah Carlson

Attorneys for Defendant
Arovast Corporation

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA  92121

1

## <u>CERTIFICATION OF COMPLIANCE WITH RULE 11-6.2</u>

2

The undersigned, counsel of record for Defendant Arovast Corporation,

3

certifies that this brief complies with the page limit set by court order dated April 11,

4

2023 (Dkt 13).

5

6

7    Dated:  August 11, 2023                                DENTONS US LLP

8

9                                                           By:  */s/Sarah Carlson*_____
                                                                 Sarah Carlson

10                                                          Attorneys for Defendant
                                                            Arovast Corporation

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA  92121

DEF.'S REPLY IN SUPP. OF MOT. TO
DISMISS CLASS ACTION COMPL.