UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANETTE FINCH and NAM TAO, individually and on behalf of others similarly situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>AROVAST CORPORATION doing business as COSORI CORPORATION,<br><br>  Defendant. | Case No. 8:23-cv-00599-JWH-JDE<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [ECF No. 27]** |

Before the Court is the motion of Defendant Arovast Corporation, doing business as Cosori Corporation ("Cosori"), to dismiss the class action product-liability claims of Plaintiff Nam Tao.[1]  Tao opposes the Motion, and the matter is fully briefed.[2]  The Court concludes that this matter is appropriate for resolution without a hearing.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers filed in support and in opposition,[3] the Court concludes that Tao's claims are not ripe for review and **GRANTS** Cosori's Motion.

## I. BACKGROUND

In April 2023, Tao, along with former named Plaintiff Jeannette Finch,[4] filed this case on his own behalf and on behalf of others similarly situated.[5]  Tao alleges that Cosori marketed defective air fryers, which Cosori knew were at risk of overheating and catching fire, and that Tao relied upon Cosori's misrepresentation when he purchased an air fryer.[6]  Tao asserts claims for relief under California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, (the "UCL"); California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.*; and California's Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.*; as well as common law claims for breach of express warranty, breach of implied warranty of merchantability, and fraudulent

---

[1]  Def.'s Mot. to Dismiss Case (the "Motion") [ECF No. 27].

[2]  Pl.'s Opp'n to the Motion (the "Opposition") [ECF No. 33]; Memo. in Supp. of the Motion (the "Reply") [ECF No. 34].

[3]  The Court considered the documents of record in this action, including the following papers:  (1) Motion (including all attachments); (2) Opposition; (3) Reply; and (4) Compl. (the "Complaint") [ECF No. 1].

[4]  Former named Plaintiff Jeannette Finch dismissed all claims against Cosori.  *See* Pl.'s Notice of Dismissal [ECF No. 26].

[5]  *See generally* Complaint.

[6]  *Id.*

misrepresentation/omission.[7]  Tao seeks "an injunction requiring Defendant to modify its recall to provide refunds and exchanges of comparable Products," "restitution and actual, compensatory, and punitive damages," and costs and fees.[8]

In its instant Motion, Cosori argues that (1) Tao lacks Article III standing; (2) Tao's claims are not ripe for review; (3) Cosori's recall moots Tao's claims; and (4) Tao fails to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. LEGAL STANDARD

### A. Rule 12(b)(1)—Motion to Dismiss for Lack of Subject Matter Jurisdiction

"The federal courts are limited to deciding 'cases' and 'controversies.'" *Bova v. City of Medford*, 564 F.3d 1093, 1095 (9th Cir. 2009) (quoting U.S. Const. art. III, § 2). "Two components of the Article III case or controversy requirement are standing and ripeness." *Id.* at 1095-96 (quoting *Colwell v. Dep't of Health & Human Servs.*, 558 F.3d 1112, 1121 (9th Cir. 2009)). "These concepts are 'closely related.'" *Id.* at 1096 (quoting *Colwell*, 558 F.3d at 1123).

When a defendant believes that the plaintiff has failed to meet the case-or-controversy requirement, the Federal Rules of Civil Procedure permit that defendant to move for dismissal based upon lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1).  The court should dismiss an action when the face of the complaint does not demonstrate a basis for meeting the jurisdictional requirements of Rule 12(b)(1). *See Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003), *abrogated on other grounds by Lexmark Int'l, Inc.*

---

[7] *Id.*

[8] *Id.*, Prayer for Relief.

*v. Static Control Components, Inc.*, 572 U.S. 118 (2014); Fed. R. Civ. P. 8(a) & 12(b)(1).

"Under Rule 12(b)(1), a defendant may challenge the plaintiff's jurisdictional allegations in one of two ways." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). A ***facial*** attack accepts the plaintiff's allegations as true but asserts that those allegations "are insufficient on their face to invoke federal jurisdiction." *Id.* (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)). The court resolves a facial attack "as it would a motion to dismiss under Rule 12(b)(6):" in accepting the plaintiff's allegations as true and drawing all reasonable inferences in her favor, the court determines "whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Id.*

In contrast, a ***factual*** attack contests "the truth of the plaintiff's factual allegations," typically by introducing evidence outside the pleadings. *Id.* "When the defendant raises a factual attack, the plaintiff must support her jurisdictional allegations with 'competent proof,' under the same evidentiary standard that governs in the summary judgment context." *Id.* (internal citation omitted). The plaintiff bears the burden of proving—by a preponderance of the evidence—that she meets each of the requirements for subject-matter jurisdiction, with one caveat: if the existence of jurisdiction turns on "disputed factual issues," then the court itself may resolve those factual disputes. *Id.*

**B.     Rule 12(b)(6)—Motion to Dismiss for Failure to State a Claim**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In ruling on a Rule 12(b)(6) motion, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Am. Family Ass'n v. City & County of San Francisco*, 277 F.3d 1114, 1120 (9th Cir. 2002). Although a complaint attacked by a Rule 12(b)(6) motion "does not need

detailed factual allegations," a plaintiff must provide "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Twombly*, 550 U.S. at 555 (citations and footnote omitted). Accordingly, to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," which means that a plaintiff must plead sufficient factual content to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A complaint must contain "well-pleaded facts" from which the Court can "infer more than the mere possibility of misconduct." *Id.* at 679.

## C. Rule 15(a)—Leave to Amend

A district court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). The purpose underlying the liberal amendment policy is to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000), *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014). Therefore, leave to amend should be granted unless the Court determines "that the pleading could not possibly be cured by the allegation of other facts." *Id.* (quoting *Doe v. United States*, 8 F.3d 494, 497 (9th Cir. 1995)).

## III. ANALYSIS

### A. Tao Has Standing to Sue

"To have standing, a plaintiff must have suffered an injury in fact that is 'concrete and particularized;' that can be fairly traced to the defendant's action;

and that can be redressed by a favorable decision of the court." *Id.* (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). "A UCL plaintiff with standing is a person who 'has suffered injury in fact and has lost money or property as a result of the unfair competition.'" *Degelmann v. Advanced Med. Optics, Inc.*, 659 F.3d 835, 839 (9th Cir. 2011), *vacated on other grounds*, 699 F.3d 1103 (9th Cir. 2012) (quoting Cal. Bus. & Prof. Code § 17204). "'This provision requires [the plaintiff] to show that [they have] lost "money or property" sufficient to constitute an "injury in fact" under Article III of the Constitution.'" *Id.* (quoting *Rubio v. Capital One Bank*, 613 F.3d 1195, 1203–04 (9th Cir. 2010)). "Thus a UCL plaintiff must always have Article III standing in the form of economic injury." *Id.*

    A plaintiff may have standing under the UCL and related statutes with economic injury alone, if, for example, "[the plaintiff] show[s] that, by relying on a misrepresentation on a product label, [the plaintiff] paid more for a product than [the plaintiff] otherwise would have paid, or bought it when [the plaintiff] otherwise would not have done so." *Tran v. Sioux Honey Ass'n, Coop.*, 2020 WL 905571, at *5 (C.D. Cal. Feb. 24, 2020) (internal quotations omitted); *see also Bradach v. Pharmavite, LLC*, 735 F. App'x 251, 254 (9th Cir. 2018) ("Bradach has standing to sue Pharmavite because he suffered an injury by buying the supplement when, he contends, he would otherwise not have purchased it had he known the truth about the Heart Health statement . . . ."); *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1104–05 (9th Cir. 2013), *as amended on denial of reh'g and reh'g en banc* (July 8, 2013) (holding that such an allegation is all that is required to show standing).

    Because Tao alleges that he purchased a recalled air fryer, that he relied on Cosori's misrepresentations and omissions when purchasing the product, and that he would not have purchased the product but for those misrepresentations, Tao has standing to sue Cosori.

B.  **The Case Is Not Ripe for Review**

"While standing is primarily concerned with *who* is a proper party to litigate a particular matter, ripeness addresses *when* that litigation may occur." *Lee v. Oregon*, 107 F.3d 1382, 1387 (9th Cir. 1997) (emphasis in original). "'[I]ts basic rationale is to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements.'" *Thomas v. Union Carbide Agr. Prod. Co.*, 473 U.S. 568, 580 (1985) (quoting *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148 (1967), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977)). "The ripeness inquiry in some cases may therefore 'be characterized as standing on a timeline.'" *Id.* (quoting *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (*en banc*)).

"The ripeness doctrine is 'drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction.'" *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 808 (2003) (quoting *Reno v. Catholic Social Services, Inc.*, 509 U.S. 43, 57 n.18 (1993) (citations omitted in original)). "[T]he ripeness inquiry contains both a constitutional and a prudential component." *Anchorage Equal Rts. Comm'n*, 220 F.3d at 1138 (quoting *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 902 (9th Cir. 1993)). "'The constitutional component focuses on whether there is sufficient injury, and thus is closely tied to the standing requirement; the prudential component, on the other hand, focuses on whether there is an adequate record upon which to base effective review.'" *Elkins v. Am. Honda Motor Co.*, 2020 WL 4882412, at *4 (C.D. Cal. July 20, 2020) (quoting *Portman*, 995 F.2d at 902–03). A plaintiff's complaint may show standing and constitutional ripeness but fail the prudential ripeness inquiry. *See, e.g.*, *id.* In this case, "'[t]he constitutional component of ripeness overlaps with the injury in fact analysis for Article III standing'" such that the plaintiffs' "claims are constitutionally ripe." *Id.* (quoting *Wolfson v. Brammer*, 616 F.3d 1045, 1058

(9th Cir. 2010)) (internal quotations omitted). Thus, the Court's analysis will focus on the prudential considerations. *See id.*

"[The Court's] analysis is guided by two overarching considerations: 'the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.'" *Anchorage Equal Rights Comm'n*, 220 F.3d at 1141 (quoting *Abbott Laboratories*, 387 U.S. at 149). "'A claim is fit for decision if the issues raised are primarily legal, do not require further factual development, and the challenged action is final.'" *Elkins*, 2020 WL 4882412, at *4 (quoting *US W. Commc'ns v. MFS Intelenet, Inc.*, 193 F.3d 1112, 1118 (9th Cir. 1999)). "'To meet the hardship requirement, a litigant must show that withholding review would result in direct and immediate hardship and would entail more than possible financial loss.'" *Id.* (quoting *US W. Commc'ns*, 193 F.3d at 1118).

The *Elkins* case, which was another manufacturing defect class action pending in this district, is on point. There, the defendant, Honda, acknowledged the defect and authorized an unlimited-miles warranty extension, of which the named plaintiffs did not avail themselves. *See id.* at *1-*2. Instead, the *Elkins* plaintiffs "rushed to file their amended complaint before [the defendant's warranty] response could play out, asking the Court to deal in hypotheticals." *Id.* at *5. Therefore, the *Elkins* court held that the case was not ripe for review. *See id.* at *4.

In contrast, this Court has held that manufacturing defects are ripe for review when the plaintiff has first "attempted to take advantage of the [warranty offer], but was refused any relief and therefore determined the [warranty offer] was inadequate," *see Sanchez v. Kia Motors Am., Inc.*, 2021 WL 4816834, at *4 (C.D. Cal. Aug. 9, 2021), or when the plaintiff adequately alleged that he suffered other property damage beyond the defective item for which the

replacement warranty did not account, *see Comes v. Harbor Freight Tools USA, Inc.*, 2021 WL 6618816, at *4 (C.D. Cal. Sept. 29, 2021).

Here, Tao acknowledges that the warranty offer is for a replacement in kind,[9] but he does not allege that he attempted to take advantage of the warranty offer or that he was otherwise harmed beyond the value of the defective air fryer.[10] And Tao offers no other authority to support his argument that his claims are nonetheless ripe for review.[11] Therefore, his claims—and, by extension, the asserted class claims—are not ripe for review.

Because Tao's claims are not ripe for review, the Court need not address Cosori's arguments of mootness and failure to state a claim. Cosori's Motion is **GRANTED**. Because amendment cannot cure this jurisdictional defect, Tao's claims are **DISMISSED** for lack of subject matter jurisdiction.

## IV.  DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Cosori's Motion to dismiss for lack of subject matter jurisdiction is **GRANTED**.

2. Tao's claims for relief are **DISMISSED** for lack of subject matter jurisdiction.

---

[9] *See* Complaint ¶¶ 31 & 64 (offering replacements sold at the same retailers for the same dollar value).

[10] *See generally id.*

[11] *See* Opposition 11:24-12:9. Tao quotes *United States v. Vandewater Int'l Inc.*, 2020 WL 5372352, at *2 (C.D. Cal. July 21, 2020), but only for the definition of prudential ripeness. *See id.*

3. Judgment shall issue accordingly.

**IT IS SO ORDERED.**

Dated: August 26, 2024

John W. Holcomb
UNITED STATES DISTRICT JUDGE